CARJAN CORPORATION, d/b/a
Thousand Oaks Bowl, Appellant,

v.

Kimberly Geick SONNER, Appellee.

No. 04–87–00583–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 15, 1989.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

William M. Nichols, San Antonio, for appellee.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

## OPINION

PER CURIAM.

Defendant, Carjan Corporation, a nonresident corporation, appeals by writ of error from a default judgment rendered against it, asserting that the attempted service on it under our long-arm statute, TEX.CIV. PRAC. & REM.CODE ANN. §§ 17.041 *et seq.*, was ineffective to subject it to the in personam jurisdiction of the Texas court.

Plaintiff, Kimberly Geick Sonner, alleged that defendant was a nonresident corporation which failed to maintain an agent for service in Texas and that defendant did business in Texas in that it owned and operated the bowling alley in this state where plaintiff had been injured.

Under Sec. 17.044(a)(1) of the statute, service on a nonresident can be accomplished by service upon the Secretary of State if the nonresident corporation does business in Texas and has failed to appoint an agent for service. The allegations in plaintiff's petition were sufficient to authorize substituted service.

Defendant argues that the substituted service on the Secretary of State was insufficient because service should have been made on the person in charge of defendant's bowling alley.

Section 17.043 of the statute provides that in an action arising from the nonresident's business in Texas process may be served on the person in charge of any business in which the nonresident is engaged in Texas "if the nonresident is not required by statute to designate or maintain a resident agent for service of process." The statutory language is clear. Service on the person in charge of the nonresident's local place of business is authorized only if the nonresident is not required by statute to designate or maintain an agent for service of process in this State. TEX.BUS.CORP.ACT arts. 8.01, 8.08 (Vernon 1980 & Supp.1988) require that a foreign corporation doing business in this State, to be authorized to do so, must appoint an agent in this state. The plain wording and meaning of the statute cannot be ignored. *See Crimmins v. Lowry*, 691 S.W.2d 582, 584 (Tex.1985). Service on the person in charge of defendant's bowling alley in this state was not authorized.

Since service on the Secretary of State was proper, we must determine whether the subsequent actions of the Secretary of State complied with the statutory requirements.

The record indicates that on December 18, 1986, the date on which the Secretary of State received the citation and petition,

he forwarded the documents to defendant by mailing them to:

CARJAN CORPORATION
1800 UNION
COMM. BLDG.
CLEVELAND, OH.

Defendant correctly contends that the attempted service was ineffective because the record does not establish that the citation was forwarded to defendant's home office as required by § 17.045(a) of TEX. CIV.PRAC. & REM.CODE ANN. The record shows that the citation was forwarded to the place where defendant was "located" and which was its "last known mailing address." Nowhere in plaintiff's petition is there any indication that defendant's address set out in the petition was defendant's "home office." Section 17.045(a) provides that when the Secretary of State receives process directed at a nonresident corporation he shall require a statement of the name and address of defendant's "home office" and shall immediately mail a copy of the process to the nonresident. This provision clearly contemplates that process be mailed to defendant's home office. There can be no other reason for the requirement that the Secretary of State be furnished with the address of defendant's home office.

Where a statute authorizes substituted service, such service is valid only if there has been strict compliance with the statutory requirements. *Houtex Managing General Agency, Inc., v. Hardcastle*, 735 S.W.2d 520, 522 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Verges v. Lomas & Nettleton*, 642 S.W.2d 820, 821 (Tex.App.—Dallas 1982, no writ). The burden of showing compliance with the long-arm statute is on the plaintiff. *See Whitney v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex.1973).

While the fact that the nonresident in *Verges v. Lomas & Nettleton Financial Corp., supra,* did not receive the notice indicates that "last known address" set out in plaintiff's pleadings was not then a current address of defendant, the holding is, nevertheless clear. "Last known address"

is not the same as "home office" address. 642 S.W.2d at 822.

In *C.W. Bollinger Insurance Co. v. Fish*, 699 S.W.2d 645 (Tex.App.—Austin 1985, no writ), a case involving service under the Insurance Code, the defendant received notice at his "last known address", while the applicable statute required that process be mailed to defendant's "last known principal place of business." Because of this "deficiency", among others, the court held that the record failed to "show strict compliance with the procedure specified" by the statute. *Id.* at 650.

Because plaintiff failed to comply with the provisions of the long-arm statute, the judgment is set aside.