**SECURITY PACIFIC CORPORATION, Appellant,**

v.

**Kenneth G. LUPO, Appellee.**

**No. A14–90–0508–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 1991.

Rehearing Denied April 25, 1991.

Annette T. Kolodzie, Houston, for appellant.

Joseph W. Varela, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal by writ of error from a default judgment rendered in favor of appellee. In five points of error, appellant challenges the validity of the default judgment rendered against it. Appellant's first point of error contends that the trial court did not acquire personal jurisdiction over it because appellee failed to strictly comply with the requirements of the Texas long-arm statute, TEX.CIV.PRAC. & REM.CODE ANN. § 17.041 *et seq.* (Vernon 1986). We agree that appellee did not strictly comply with the statute, and reverse and remand for a new trial.

Appellee brought suit against appellant on an alleged usurious demand made upon appellee by Equity Collection Service. Appellee alleged that the original loan was made by Mariner Corporation, a wholly owned subsidiary of appellant. Appellee alleged that Equity was acting as agent for appellant in making the usurious demand. Appellee further alleged that appellant was a nonresident California corporation doing business in Texas which neither maintained a regular place of business nor had a designated agent for service of process in this state. The allegations in appellee's petition were sufficient to authorize substituted service upon the Secretary of State pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 17.044(b) (Vernon 1986).

In order to obtain valid service, appellee's petition alleged that "[d]efendant Security's *address in California* is 250–A W. Arrow Highway, San Dimas, California 91773" (emphasis added). The Secretary of State's certificate reflects that duplicate copies of the citation and petition were served upon the Secretary of State on September 6, 1989, and a copy was forwarded on September 7, 1989 by certified mail, return receipt requested, to:

SECURITY PACIFIC CORP.
250–A W. ARROW HIGHWAY
SAN DIMAS, CA 91773

The certificate further states that return receipt was received on September 12, 1989, bearing the signature of addressee's agent. Appellant did not file an answer and the trial court entered a default judgment in favor of appellee on October 17, 1989.

■ Appellant's first point of error asserts that the attempted service was ineffective because the record establishes that appellee failed to strictly comply with the requirements of TEX.CIV.PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1986). We agree.

■ In order to show jurisdiction necessary to support a default judgment when service under the long-arm statute is used, appellee's pleadings must allege facts which, if true, would make the appellant amenable to process by the use of the long-arm statute; and second, there must

be proof in the record that the appellant was, in fact, served in the manner required by the statute. *See Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95–96 (Tex.1973). Appellee's allegations satisfy the first prong of this test, therefore, we must examine the record for proof that the appellant was, in fact, served in the manner required by the long-arm statute.

■ Since the long-arm statute authorizes substituted service, its provisions must be followed with strict compliance. *Verges v. Lomas & Nettleton Financial Corporation,* 642 S.W.2d 820, 821 (Tex. App.—Dallas 1982, no writ). Inherent within the standard of strict compliance is the requirement that the statute be strictly construed. *Id.* at 822. Section 17.045(a) of the Texas Civil Practice and Remedies Code provides that:

"If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's *home or home office* and shall immediately mail a copy of the process to the nonresident." (emphasis added).

This provision clearly contemplates that process be mailed to appellant's home office address. There can be no other reason for the requirement that the Secretary of State be furnished with the address of the appellant's home office. *See Carjan Corporation v. Sonner,* 765 S.W.2d 553, 555 (Tex.App.—San Antonio 1989, no writ).

There is nothing in the record of this case that would indicate that the appellant's address, as set out in appellee's petition, was appellant's home office address. In fact, there is nothing in the record that would indicate that appellant had any office at this address. Therefore, we hold that the record fails to affirmatively show that appellee strictly complied with the provisions of section 17.045(a) of the Texas Civil Practice and Remedies Code. Since the trial court did not acquire in personam jurisdiction over appellant, the default judgment is set aside.

Since we sustain appellant's first point of error, it is not necessary to consider appel-

lant's remaining points of error. We reverse the judgment of the trial court, and remand for a new trial.