**Darlene Faye AVILA, Appellant,**

v.

**Francisco AVILA, Jr., a/k/a Frank Avila, Jr., Appellee.**

**No. 08–92–00124–CV.**

Court of Appeals of Texas, El Paso.

Dec. 9, 1992.

Gordon Stewart, El Paso, for appellant.

Susan Urbeita, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

**OPINION**

LARSEN, Justice.

Darlene Pirtle Avila files this appeal by writ of error, asking the Court to overturn a default judgment entered against her by the 34th Judicial District Court of El Paso County. The judgment complained of is a Decree of Divorce with orders concerning custody and maintenance of the parties' minor child. For the reasons set out below, we grant the writ of error and remand the cause to the trial court for trial.

*Facts*

Appellant/respondent Darlene Pirtle Avila was served with citation on September 17, 1991. The citation was issued to "Darlene Pirtle Avila," although the named re-

spondent in the suit was "Darlene Faye Avila." The officer's return on that citation showed service on "D.P. Avila." Respondent was also served by certified mail on October 1, 1991. The return receipt card reflects service on "Darlene Pirle Avila." A Final Decree of Divorce was entered by default against Ms. Avila on October 18, 1991, which decree granted a divorce, awarded custody of the couple's minor child to petitioner and ordered child support payable by respondent Darlene Avila. It is from this Decree of Divorce that respondent brings appeal by writ of error.

### Standard of Review

■ To prevail in her appeal by writ of error, Appellant must satisfy four elements: (1) her petition for writ of error must be filed within six months of the date of judgment; (2) she must show that she is a party to the original suit; (3) who did not participate in the trial; and (4) error must be apparent on the face of the record. Tex.R.App.P. 45; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982). Here, Ms. Avila does appear to be the party respondent,[1] and she has timely filed this appeal.

The Decree of Divorce states that Darlene Faye Avila a/k/a Darlene Pirtle Avila did not appear. Thus, she did not participate in the trial of the cause.

The only remaining question, therefore, is whether error appears on the face of this record.

### Points of Error

Appellant presents four points of error for review. In the first two, she argues that the citation was defective in that (1) it identified Darlene Faye Avila as the person to be served, while the return showed D.P. Avila as the person actually served; and (2) the citation was delivered by a person unauthorized to do so. In her third point of error, Appellant claims that the record fails to show that the trial court had personal

jurisdiction. Finally, Appellant alleges in her fourth point of error that default judgment was entered prematurely, before the time permitted to answer the petition had elapsed. This fourth point of error is premised upon the affirmance of respondent's argument that the first attempt at service was void.

### Validity of First Attempted Service of Citation

■ Ms. Avila first urges that service of citation was improper upon her because, although she is named in the petition as "Darlene Faye Avila," the return of citation indicates service only upon "D.P. Avila." When a default judgment is attacked directly by writ of error to the court of appeals, it is essential that strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service and the return of process be shown on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). There are no presumptions in favor of valid issuance, service and return of citation in this situation. *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna*, 388 S.W.2d at 929. Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna*, 388 S.W.2d at 929.

■ The variance between names—whether in petitions, in citations or reflected in return of service—need only be slight to sustain a writ of error. Examples of cases where courts have reversed default judgments on such slight misnomers are legion: *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (service was on "J.N. Hendon" when the named defendant was "J.W. Hendon"); *Faver v. Robinson*, 46 Tex. 204 (1876) (service was on "John R. Favers" while judgment was taken against "John R. Faver"); *Uvalde Country Club*, 690 S.W.2d at 884–85 (service was on "Henry

---

1. The Decree of Divorce shows respondent in the case to be Darlene Faye Avila a/k/a Darlene

Pirtle Avila. Ms. Avila has filed this writ of error averring she is respondent in the cause.

Bunting" while the registered agent named for defendant was "Henry Bunting, *Jr.*"); *De La Fuente v. Castillo,* 740 S.W.2d 113, 114 (Tex.App.—San Antonio 1987, no writ) (petition named and service was on "*R*oberto De La Fuente" while usury defendant was named in the underlying note as "*Nor*berto De La Fuente"); and out of this Court, *Fleming v. Hernden,* 564 S.W.2d 157, 158–59 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.) (citation by publication defective where defendant was referred to variously as "Kent K*i*dder," "Kent K*e* dder," "Kent *A. D*edder" and "Kent *A.* Kedder."

Appellee relies upon this Court's opinion in *Daylin, Inc. v. Juarez,* 766 S.W.2d 347, 351 (Tex.App.—El Paso 1989, writ denied), to support his contention that if the record as a whole shows the correct party was served, that is all that need be shown to uphold the default judgment. In *Daylin* "C.T. Corporation Systems, Inc." was the registered agent named in the petition. The sheriff's return showed service on "C.T. Corporation System." This Court did indeed find that "[t]he record as a whole supports service on the correct agent." *Daylin,* 766 S.W.2d at 350; *see also Payne & Keller Company v. Word,* 732 S.W.2d 38 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (judgment upheld where petition and citation reflected registered agent "Philippe Petitfrere", the return reflected "Philip*e* Petitfreere"); *Popkowsi v. Gramza,* 671 S.W.2d 915 (Tex.App.—Houston [1st Dist.] 1984, no writ) (judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Pop*r*owski" or "Michael Pop*k*owski"). *Popkowsi* is easily distinguished as it involved an issue of disputed fact, which the appellate court was required to presume in favor of judgment. *Daylin* and *Payne & Keller,* on the other hand, cannot be reconciled with the strict construction required by the majority line of opinions.

We will follow the established line of authority. To the extent that *Daylin* contravenes the rule that strict compliance with the Texas Rules of Civil Procedure is essential on issuance, service and return of citation to uphold a default judgment under direct attack, it is overruled.

In this case, moreover, there was potential confusion as to the identity of the defendant, a possibility we view with great caution. "Darlene Faye Avila" was the petition's named respondent; "Darlene Pirtle Avila" was the name in which the citation was issued; and "D.P. Avila" was the name of the person actually served. The sheriff's return shows service at Walmart in Linton, Indiana, but the citation was issued to "Darlene Pirtle Avila" at Rural Route # 3, Box 239, Linton. The citation by certified mail, to make things even more confusing, was addressed and appears to have been signed by "Darlene Pirle Avila." Nowhere does the record establish that the person served was the same person named in the petition, or the same person to whom citation was issued. We hold, therefore, that the citation served on September 17, 1991, was invalid and of no effect.

Having found that service of citation was defective, we need not address Appellant's remaining points of error.

### Conclusion

Because service of citation in this case was not in strict compliance with the Texas Rules of Civil Procedure, there is error on the face of the record. We accordingly reverse the default judgment. We further note that by filing this writ of error, Ms. Avila has entered a general appearance in this cause, thus submitting to the personal jurisdiction of this Court. *United National Bank v. Travel Music of San Antonio, Inc.,* 737 S.W.2d 30 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.); *McKanna,* 388 S.W.2d at 930; *Onnela v. Medina,* 785 S.W.2d 423 (Tex.App.—Corpus Christi 1990, no writ). We remand to the trial court for trial in accordance with this opinion.