**J. Peter WHISKEMAN, III, Appellant,**

**v.**

**Tony LAMA, Jr., Appellee.**

**No. 08–92–00114–CV.**

Court of Appeals of Texas,
El Paso.

Jan. 13, 1993.

Opinion Overruling Motion
for Clarification Judgment
Feb. 10, 1993.

Steven L. Hughes, Amy Stewart Sanders, Mounce & Galatzan, El Paso, for appellant.

John R. Jones, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before BARAJAS, LARSEN and FULLER, (Retired), JJ.

## OPINION

LARSEN, Justice.

This is an appeal by writ of error from a default judgment entered in favor of plaintiff/Appellee Tony Lama, Jr. against defendant/Appellant J. Peter Whiskeman, III. In his sole point of error, Whiskeman urges that service upon him under the Texas long-arm statute was defective because the record does not affirmatively show that he was served at his home or home office. We reverse the judgment and remand to the trial court.

### FACTS

Lama sued Whiskeman and two other defendants for breach of a lease agreement. The original petition stated Whiskeman was not a Texas resident, but was subject to the jurisdiction of Texas courts under this state's long-arm statute, Tex. Civ.Prac. & Rem.Code Ann. § 17.041 (Vernon 1986). It provided that Whiskeman:

> [M]ay be served with citation and petition by serving the Secretary of the State of Texas, who may forward citation and petition by registered mail, return receipt requested to J. PETER WHISKEMAN, III, 6621 North Scottsdale Road, Scottsdale, Arizona 85253.

Plaintiff Lama made no allegation that the Scottsdale Road address was either Whiskeman's home or his home office. The Secretary of State issued a certificate stating that he had forwarded a copy of the citation and petition by certified mail to:

WHISKEMAN, J. PETER (III)

6621 NORTH SCOTTSDALE ROAD

SCOTTSDALE, AZ 85253

Whiskeman did not answer or appear at trial, and the trial court entered default judgment in Lama's favor.

Whiskeman urges that the default judgment is void because the record does not affirmatively show that Texas courts possessed personal jurisdiction over him, as citation was not served in strict accordance with the service requirements of the long-arm statute, which provides:

> If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's *home or home office* and shall immediately mail a copy of the process to the nonresident. [Emphasis added]. Tex. Civ.Prac. & Rem.Code Ann. § 17.045(a).

Because the record contains no showing that plaintiff provided the Secretary of State with his "home or home office" address, as mandated by the statute, Whiskeman claims there is error on the face of the record requiring reversal of the default judgment.

### *Standard of Review*

■ To prevail in his appeal by writ of error, Appellant must satisfy four elements: (1) his petition for writ of error must be filed within six months of the date of judgment; (2) he must show that he is a party to the original suit; (3) who did not participate in the trial; and (4) error must be apparent on the face of the record. Tex.R.App.P. 45; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982); *Avila v. Avila*, 843 S.W.2d 280 at 281 (Tex. App.—El Paso 1992, n.w.h.). The only element at issue here is whether error appears on the face of the record.

■ To support a default judgment after service upon a nonresident under the Texas long-arm statute, plaintiff must allege facts that, if true, would make the defendant amenable to process under that statute and the record must contain proof of service of process on defendant in the manner prescribed by the statute. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95 (Tex.1973); *Boreham v. Hartsell*, 826 S.W.2d 193 (Tex.App.—Dallas

1992, n.w.h.). Plaintiff must strictly follow the requirements of the long-arm statute authorizing substitute service on the Secretary of State, and bears the burden of affirmatively showing such compliance. *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965); *Boreham,* 826 S.W.2d at 195. His failure to show this strict compliance renders attempted service invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Company,* 690 S.W.2d 884, 885 (Tex.1985); *Avila,* 843 S.W.2d at 282; *Boreham,* 826 S.W.2d at 195. In the face of a direct attack on a default judgment, there are no presumptions favoring valid issuance, service and return of citation. *Uvalde,* 690 S.W.2d at 885; *McKanna,* 388 S.W.2d at 929; *Avila,* 843 S.W.2d at 281–82; *Boreham,* 826 S.W.2d at 195. This same stringent rule applies to any inference of jurisdictional facts, such as personal jurisdiction under the long-arm statute. *McKanna,* 388 S.W.2d at 929; *Verges v. Lomas & Nettleton Financial Corporation,* 642 S.W.2d 820, 822 (Tex.App.—Dallas 1982, no writ).[1]

## NO AFFIRMATIVE SHOWING OF STRICT COMPLIANCE

█ The majority of Texas courts hold, as Whiskeman urges, that where the record fails to affirmatively show that plaintiff provided the Secretary of State with defendant's "home or home office," service is invalid and a default judgment obtained as a result is void. *Boreham,* 826 S.W.2d at 195; *Bannigan v. Market Street Developers, LTD.,* 766 S.W.2d 591 (Tex.App.—Dallas 1989, no writ); *Commodore County Mutual Insurance Company v. Tkacik,* 809 S.W.2d 630 (Tex.App.—Amarillo 1991, writ denied) (on motion for rehearing). In one case, however, the Fort Worth Court of Appeals has expressly declined to follow this line of authority. *Mahon v. Caldwell, Haddad, Skaggs, Inc.,* 783 S.W.2d 769 (Tex.App.—Fort Worth 1990, no writ). Plaintiff Lama relies upon this case and urges that we screen the record as a whole to determine whether the address he provided the Secretary of State was, in reality,

defendant's home or home office. In *Mahon,* a contract case where the petition requested service at defendant's "place of business" and "business address," the court held:

> [W]here only one address is given in a contract as the business address it is the 'home office' of the party using such address. A home business address by any other name is still a 'home address' or 'home office.' *Mahon,* 783 S.W.2d at 771.

This reasoning was roundly criticized by the Dallas Court of Appeals in *Boreham,* which declined to follow *Mahon* and opined that the Fort Worth Court had incorrectly broadened the standard of strict compliance. The Dallas Court refused to "indulge in inferences to determine whether a plaintiff has sufficiently alleged jurisdictional facts." *Boreham,* 826 S.W.2d at 196. We agree with the Dallas Court that the strict compliance standard does not brook a review of the whole record, nor any inference in favor of personal jurisdiction. We, therefore, likewise decline to follow *Mahon.*

Finally, we note that in 1992 the legislature amended Tex.Civ.Prac. & Rem.Code Ann. § 17.045. It added subsection (e), providing for service upon "an agent for a person who is a nonresident administrator, executor, heir, guardian, or personal representative of a nonresident...." Subsection (e) requires only a statement of "the person's name and address...." The wording of Section 17.045(a), in contrast, still specifically requires a statement of the defendant's "home or home office." We can presume from this disparity that the legislature intended to continue requiring an allegation that service be upon the "home or home office" of any defendant served under Section 17.045(a). *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company,* 563 S.W.2d 916, 918 (Tex.1978); *Palmer v. Palmer,* 831 S.W.2d 479, 482 (Tex.App.—Texarkana 1992, no writ).

---

1. Although this strict rule sometimes leads the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. We believe this policy justifies what may at first blush seem a hypertechnical rule.

**330**

## CONCLUSION

The Texas Supreme Court has mandated that no inference in favor of the trial court's jurisdiction be made in a direct attack on a default judgment. *McKanna*, 388 S.W.2d at 929–30. This Court, likewise, has recently confirmed the strict compliance standard, eschewing any presumptions in favor of judgment, or any review of the whole record to establish proper service in an appeal by writ of error. *Avila*, 843 S.W.2d at 281–82. Here, plaintiff Lama cannot show strict compliance with the long-arm statute; thus we cannot infer that personal jurisdiction was obtained over defendant Whiskeman.

■ We additionally observe that by filing this appeal by writ of error, defendant Whiskeman has entered a general appearance in this cause, thus submitting to the personal jurisdiction of the trial court. *McKanna*, 388 S.W.2d at 930; *Onnela v. Medina*, 785 S.W.2d 423 (Tex.App.—Corpus Christi 1990, no writ); *United National Bank v. Travel Music of San Antonio, Inc.*, 737 S.W.2d 30 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). We reverse the case and remand for trial on the merits.

## OPINION ON MOTION FOR CLARIFICATION OF JUDGMENT

Came on to be heard the motion of Appellant J. Peter Whiskeman, III, for clarification of the judgment of this Court assessing costs of appeal against Appellant in this cause, and the motion having been duly considered, the Court enters the following order:

■ Tex.R.App.P. 89 provides that:

In any civil cause reversed by the court of appeals, the appellant shall be entitled to an execution in the trial court against the appellee for costs occasioned by such appeal, including costs for the transcript and statement of facts.... *[N]othing herein shall be construed to limit or impair the power of the court of appeals to otherwise tax the costs for good cause.* [Emphasis added].

Appellant Whiskeman has prevailed on his appeal by writ of error in this Court. This Court has reversed the default judgment entered against him and remanded the suit for further proceedings in the trial court. Although there was a technical defect in the service of citation in that it did not allege the address where service was accomplished was Whiskeman's "home or home office," we note that Mr. Whiskeman never avers he did not receive actual notice of the suit. We also note that if Mr. Whiskeman had filed his motion for new trial in the trial court requesting that the default be overturned, the trial court would have been well within its discretion in requiring that he offer to reimburse plaintiff Lama's costs in obtaining the default judgment before ordering a new trial. *See United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958 (Tex.1976); *Zonker v. Sullivan*, 650 S.W.2d 189, 190 (Tex.App.—El Paso 1983, writ ref'd n.r.e.). We see no reason why the same discretion does not lie in this Court to assess the costs on appeal in a similar situation.

It is therefore ORDERED that the motion for clarification of judgment is overruled and the Court's Judgment of January 13, 1993 with assessment of costs against defendant/appellant Whiskeman shall remain unmodified.