# NO. 12-15-00047-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK J. HEALEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *EDWIN N. HEALEY,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION ON REHEARING*

Mark Healey has filed a motion for rehearing, which is granted. We withdraw our April 6, 2016 opinion and judgment and substitute the following opinion and a corresponding judgment in their place.

Mark Healey appeals a default judgment rendered against him in favor of Edwin Healey. He presents three issues on appeal.[1] We reverse and remand.

### BACKGROUND

Edwin Healey filed suit against Mark Healey and his brothers, E. Peter Healey and Paul C. Healey, in November 2013. In his petition, Edwin alleged "money had and received" against all defendants. Mark was served with citation and a copy of the petition on November 21, 2013. Because he is not a resident of Texas, Mark was served by substituted service through the secretary of state under the Texas long-arm statute. He failed to answer the suit, and Edwin filed a motion for default judgment on November 11, 2014. Nine days later, Mark filed a special appearance, alleging lack of jurisdiction because he lives in Missouri and does not have sufficient contacts with Texas. He did not file an answer subject to his special appearance or

---

[1] Initially, Mark presented four issues, but conceded in his reply brief that he waived his first issue.

request that the special appearance be set for hearing. On November 25, 2014, the trial court granted the default judgment without a hearing.

Mark filed a motion for new trial and an answer on December 18, 2014. After a hearing, the trial court denied the motion. The trial court then severed the judgment against Mark from the case against his brothers. This appeal followed.

## DEFAULT JUDGMENT

In his second issue, Mark contends the trial court erred when it granted the default judgment. On rehearing, he argues for the first time that the default judgment against him is void because service of citation was defective. A trial court has no jurisdiction to render a default judgment when there has not been strict compliance with the rules governing service. *Torres v. Haynes*¸ 432 S.W.3d 370, 371 (Tex. App.—San Antonio 2014, no pet.). Issues concerning a trial court's jurisdiction present questions of fundamental error and may be raised for the first time in a motion for rehearing. *Id.*

### Standard of Review and Applicable Law

To support a default judgment when a plaintiff serves a nonresident under the long-arm statute, the plaintiff must allege facts that, if true, would make the defendant amenable to process under the statute. *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App.—Dallas 1992, no writ). There must be proof in the record of service of process on the defendant in the manner required by the statute. *Id.* Where a statute authorizes substituted service, the service is valid only if there has been strict compliance with the statutory requirements. *Carjan Corp. v. Sonner*, 765 S.W.2d 553, 555 (Tex. App.—San Antonio 1989, no writ). Inherent within the standard of strict compliance is the requirement that the statute be strictly construed. *Sec. Pac. Corp. v. Lupo*, 808 S.W.2d 126, 127 (Tex. App.—Houston [14th Dist.] 1991, writ denied). The burden of showing compliance is on the plaintiff. *Id.* There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Boreham*, 826 S.W.2d at 195. The plaintiff's failure to affirmatively show strict compliance with the provided mode of service makes the attempted service invalid and without effect. *Id.*

The Texas long-arm statute applicable in this case is found in section 17.045 of the Texas Civil Practice and Remedies Code. It provides that if a plaintiff serves the secretary of state with duplicate copies of process for a nonresident, the documents must contain "a statement of the

2

name and address of the nonresident's home or home office. TEX. CIV. PRAC. & REM. CODE ANN. § 17.045(a) (West 2015). If the record fails to affirmatively show that the plaintiff provided the secretary of state with the defendant's "home or home office" address, service under section 17.045(a) is invalid and a default judgment obtained as a result is void. *World Distribs., Inc. v. Knox*, 968 S.W.2d 474, 478 (Tex. App.—El Paso 1998, no pet.).

**Analysis**

Mark contends service was defective because the record does not indicate the address provided to the secretary of state was either his home or home office address. Edwin argues that it was not necessary for him to use the words "home" or "home office" in the description of Mark's service address.

Edwin's first amended petition[2] states that the plaintiff "will serve Mark Healey by serving the Texas Secretary of State." The petition does not list an address for Mark. The certificate from the secretary of state lists "Route 1 Box 260E, Marshall, MO 65340" as the address to which it forwarded service. The certificate does not state whether the address is Mark's home or home office.

Edwin relies on *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex. App.—Fort Worth 1990, no writ), to support his argument that the words "home or home office" are not necessary to comply with the statute. In *Mahon*, the issue was whether the plaintiff properly complied with section 17.045(a). *Id.* at 771. The plaintiff alleged in its petition that Mahon could be served "at his place of business." *Id.* at 770. Mahon argued that the plaintiff had not strictly complied with the statute. *Id.* at 771. The appellate court concluded it could screen the record to determine whether the address provided was Mahon's home or home office. *Id.* A contract between the parties had been admitted into evidence, and there was testimony that the address in the contract was Mahon's business address. *Id.* The address in the contract was the same address provided to the secretary of state. *Id.* No other address was listed in any other document in the record. *Id.* The court held that when one address is given in a contract as a business address, it is the home office of that party. *Id.* As a result, the plaintiff had complied with the statute and service was valid. *Id.*

As a preliminary matter, we note that the reasoning employed in *Mahon* has been disapproved of by several appellate courts as being too broad an interpretation of the home-office

---

[2] Edwin's original petition was never served.

3

requirement. *See* ***Boreham***, 826 S.W.2d at 196 (concluding that ***Mahon*** broadened statute and failed to properly determine if strictly complied with statute); ***Whiskeman v. Lama***, 847 S.W.2d 327, 329 (Tex. App.—El Paso 1993, no writ) (concluding strict compliance standard does not allow review of entire record); *see also* ***Seeley v. KCI USA, Inc.***, 100 S.W.3d 276, 279 (Tex. App.—San Antonio 2002, no pet.).

However, even if we were to search the record as permitted in ***Mahon***, we would still conclude the statutory requirement was not satisfied. Unlike ***Mahon***, there is no contract, document, or testimony in this case stating that the address provided to the secretary of state was Mark's home or home office. In the pleadings filed after the first amended petition, Edwin listed two addresses for Mark on the certificates of service. One of those addresses was provided to the secretary of state and the other was not. Edwin points to the signature block on Mark's unfiled answer, which was sent to his attorney by email. The address listed in the signature block is the address provided to the secretary of state, but it does not specify whether it is Mark's home or home office address. Mark has not used this address formally in the lawsuit. To assume the address is that of Mark's home or home office would require us to make an inference in favor of valid service, which we are not authorized to do. *See* ***Boreham***, 826 S.W.2d at 196.

Edwin also points out that Mark does not allege he was not served with the lawsuit. Whether Mark received actual notice is irrelevant because a defendant's actual notice that a suit has been filed against him is not sufficient unless the notice was received in the matter prescribed by statute. ***Bank of Am., N.T.S.A. v. Love***, 770 S.W.2d 890, 892 (Tex. App.—San Antonio 1989, writ denied).

Because Edwin did not allege the address provided to the secretary of state for service on Mark was Mark's home or home office address, he did not strictly comply with the statutory service requirements. *See* ***Boreham***, 826 S.W.2d at 197. Service was therefore invalid and the trial court did not acquire personal jurisdiction over Mark. *Id.* As a result, the default judgment was void. We sustain Mark's second issue.

### SEVERANCE

In his fourth issue, Mark contends the trial court erred when it severed the default judgment against him into a separate cause.

4

After granting the default judgment against Mark and denying his motion for new trial, the trial court severed the default judgment against Mark into a separate cause. This made the default judgment against Mark final and appealable. *See* TEX. R. CIV. P. 240; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The suit against Mark's brothers proceeded to a jury trial, and the jury found in favor of Edwin.[3] The trial court rendered judgment consistent with the jury's verdict. E. Peter Healey has since appealed that judgment but Paul Healey has not.

When there has ceased to be an active controversy, the decision of an appellate court would be a mere academic exercise. *Cappadonna Elec. Mgmt. v. Cameron Cty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, no pet.). When events occur after a judgment that render the issue before this Court moot, we may not decide the appeal. *Id.* Thus, the issue of severance is rendered moot when it is no longer possible for this court to remedy the error, if any, in the order. *Cappadonna*, 180 S.W.3d at 175; *see also* TEX. R. APP. P. 43.2 (listing potential types of judgment appellate court may render).

In the present case, it is not possible for this Court to remedy the trial court's alleged error in severing the default judgment. The trial court's judgment against Paul Healey and E. Peter Healey is now a final judgment. *See* TEX. R. CIV. P. 329b(c), (e) (motion for new trial overruled by operation of law after seventy-five days; judgment final thirty days after motion for new trial overruled). Mark contends E. Peter Healey's bankruptcy filing prevented the judgment from becoming final. However, the bankruptcy court lifted the stay to allow the appeal to proceed. The order from the bankruptcy court extended the trial court's plenary power, which has since terminated. *See* TEX. R. APP. P. 8.2 ("A bankruptcy suspends the appeal and all periods in [the appellate] rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law."). Therefore, this issue is moot. Mark's fourth issue is overruled.

---

[3] The judgment in the original matter was attached to Edwin's brief. Generally, the appellate court can review only the record as filed and cannot review documents not included in the record or not considered by the trial court. *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, no pet). However, the court can consider documents outside the record for the purpose of determining its own jurisdiction over the case. *Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.).

## DISPOSITION

We have ***sustained*** Mark's second issue and ***overruled*** his fourth issue. Because we have sustained Mark's second issue, we ***reverse*** the default judgment and ***remand*** the cause to the trial court for a ***new trial***. Mark has waived his first issue, and we need not address his third issue. *See* TEX. R. APP. P. 47.1. Because Mark appeared by his motion for new trial, it is not necessary for service to reissue.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2016**

**NO. 12-15-00047-CV**

**MARK J. HEALEY,**
Appellant
V.
**EDWIN N. HEALEY,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. 2014C-0638)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** and that all costs of this appeal are hereby adjudged against the Appellee, **EDWIN N. HEALEY**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*