**Affirmed and Majority and Dissenting Opinions filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00211-CV

---

**ULADZISLAU NOVIK, Appellant**

**V.**

**LENDR LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1096630**

---

## DISSENTING OPINION

The majority reads allegations into Lendr's petition that Lendr did not make. Without those added allegations, Lendr's petition fails to allege facts that, if true, would make Novik amenable to process under the Texas long-arm statute. Because the majority concludes otherwise, I respectfully dissent.

*Background*

This appeal turns on the sufficiency of the allegations in Lendr's petition. In the petition, Lendr identified itself as "Lendr, LLC f/k/a Viking Funding Group, LLC," claimed to be a Texas resident, and listed Georgia addresses for Stone Mountain and Novik. Lendr further alleged that it "is a corporation that purchases future receipts from companies like Defendant. In so doing, the parties execute a Payment Rights Purchase and Sale Agreement (the 'Agreement')."[1]

In stating its breach of contract claim, Lendr alleged that "[d]espite Defendant's promises, daily debits from Defendant's bank account have failed or been rejected." Additionally, Lendr stated that it "ha[d] made timely demand on Defendant to pay the amounts due and owing, but Defendant ha[d] not done so." For its conversion claim, Lendr asserted that through the agreement, Lendr "took an ownership interest in Defendant's future sales and receipts" and "[b]y Defendant's actions, [Lendr] has been denied access to its property." Lastly, for its claim on the guaranty, Lendr alleged that "Novik ('Guarantor') personally guaranteed all obligations under the Agreement" and is therefore "liable for any and all breaches arising under the Agreement."

In a paragraph of the petition labelled "Venue," Lendr stated:

Venue is proper in this court because this is where the contract was signed, where the Plaintiff resides, and/or where the events giving rise to Plaintiff's claims occurred. Tex. Civ. Prac. & Rem. Code §§ 15.002(a), 15.035(b). This Court may also have jurisdiction and venue over this claim pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.092(a) and 15.094 because it arises out of a contract performed in this county, or the cause of action arose in this county, and Plaintiff is located in this county. Moreover, service through the Secretary of

_____

[1] Lendr appears to use the term "Defendant" at times to refer to both Stone Mountain and Novik and at other times to refer just to Stone Mountain. In other places, Lendr refers to Novik by his name or by the term "Guarantor."

2

State is appropriate because Defendant does not have a regular place of business, or a designated agent for service of process, in Texas.

All of the cited statutes pertain to venue. *See* Tex. Civ. Prac. & Rem. Code §§ 15.002, 15.035, 15.092, and 15.094.

Lendr's motion for default judgment attached an affidavit and supporting documentation purporting to show a history of credits and debits in Stone Mountain's account. This "Payment Statement" again lists a Georgia address for Stone Mountain, but it lists a New York address for Lendr. It also provides a website address for Lendr: "www.vikingfunding.com."

### *Governing Law*

For a default judgment to withstand direct attack on appeal, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [direct] attack on a default judgment." *Wilson*, 800 S.W.2d at 836 (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). If the record on appeal fails to affirmatively show strict compliance with the rules governing service of process, the attempted service is invalid and of no effect. *See Uvalde Country Club*, 690 S.W.2d at 885.

For a default judgment based on service under the Texas long-arm statute to stand, two requirements must be met: (1) the pleadings must allege facts that, if true, would make the defendant amenable to process by the use of the long-arm statute, and (2) there must be proof in the record that the defendant was in fact served in the manner required by the statute. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Whitney v. L & L Realty Corp.*, 500 S.W.2d

3

94, 95–96 (Tex. 1973); *Alwazzan v. Alwazzan*, No. 01-16-00589-CV, 2018 WL 6382061, at *47 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.); *Sec. Pac. Corp. v. Lupo*, 808 S.W.2d 126, 127 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Unless the petition states the grounds for jurisdiction, the defendant is not in a position to make an informed decision as to whether he should appear and defend the suit, make a special appearance to contest jurisdiction, or let the judgment go by default and resist its enforcement in his own state on due process grounds. *U.S. Bank Nat'l Ass'n as Tr. for SROF-2013-M4 Remic Tr. I v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 718 (Tex. App.—Fort Worth 2016, no pet.).

Civil Practice and Remedies Code section 17.044 provides that the secretary of state is an agent for service of process on a nonresident in certain circumstances, including for a nonresident who engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in any proceeding arising out of the business done in Texas to which the nonresident is a party. Tex. Civ. Prac. & Rem. Code § 17.044(b). In addition to other acts that may constitute doing business, a nonresident does business in Texas if he "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas." *Id*. § 17.042(1).

### *Discussion*

Although Lendr requested service of process through the secretary of state in its petition, it did not identify any particular long-arm statutory provision as supporting such service. As noted above, however, Lendr did make certain factual assertions (in the section of its petition labelled "Venue") that could be interpreted as attempts to allege facts that, if true, would make Novik amenable to service of process through sections 17.042 and 17.044. *See Capitol Brick*, 722 S.W.2d at 401. These allegations include that Lendr is a Texas resident and Texas is where the

4

contract was signed, where events giving rise to the claims occurred, where the contract was performed, and where the claims arose.[2]

The mere fact that the plaintiff is a Texas resident is insufficient by itself to make a defendant amenable to service under the long-arm statute. *See, e.g., Lisitsa v. Flit*, 419 S.W.3d 672, 679 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Likewise, the mere fact that a contract may have been signed in the state is insufficient by itself, particularly since Lendr does not specifically allege that **Novik** signed the agreement in Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042(1); *Bryan v. Gordon*, 384 S.W.3d 908, 917 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

As set forth above, under section 17.042, a nonresident does business in Texas if he "contracts . . . with a Texas resident and either party is to perform the contract in whole or in part in Texas." But Lendr does not allege that Novik entered into a contract with a Texas resident. Lendr identified itself in the petition as "Lendr, LLC F/K/A Viking Funding Group, LLC." Novik asserts that the contract he signed as guarantor was with Viking, which he contends at the time was a New York corporation. Indeed, the payment statements in the record show a New York street address connected with Viking's web address.[3] Although Lendr states in the petition that it "purchases future receipts from companies like

---

[2] Novik argues that Lendr's phrasing of its allegations using terms such as "or," "and/or," and "may" failed to actually assert any specific facts in support of jurisdiction under the long-arm statute. However, under a liberal reading of the petition, I interpret Lendr's allegations as asserting each listed item as fact. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[3] Novik also cites to a copy of the agreement that he filed in the appeal which shows that Viking was the signatory to the agreement, not Lendr. However, we cannot consider this document in deciding the appeal because it was not before the trial court at the time the court made its rulings. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed.").

Defendant [and i]n so doing, the parties execute a Payment Rights Purchase and Sale Agreement," Lendr does not contend that it or any other Texas resident was an original party to the agreement at issue in this case. The petition therefore does not allege that Novik was amenable to process pursuant to section 17.042(1).

The majority nonetheless concludes that Lendr alleged sufficient facts to imply Lendr (purportedly a Texas resident) was a party to the agreement and Novik signed the agreement in Texas. In support, the majority cites the rule that we are to liberally construe pleadings in these types of cases. *See, e.g., Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). But even a liberal reading should not add allegations not actually made by the plaintiff. As explained above, Lendr simply does not assert that it was a party to the agreement or that Novik signed the agreement in Texas. Concluding otherwise is not reading the petition liberally but concocting key allegations out of thin air. There is most likely a reason Lendr did not make these allegations that would have been very helpful to it: the allegations are not true.

Additionally in the petition, Lendr asserts generally that events giving rise to the claims occurred in Texas, the contract was performed in Texas, and "the cause of action arose in Texas." Lendr does not offer any specifics regarding these conclusory allegations, much less explain how they connect Novik to Texas. The only allegation Lendr clearly makes against Novik—whom Lendr identifies as a Georgia resident—is that he defaulted on his guaranty. Neither Lendr nor the majority offers an explanation regarding how a Georgia resident's alleged failure to make good on a guarantee occurred in Texas or resulted in a claim arising in Texas. Although Lendr's pleading burden was not high, these allegations are simply too general, too conclusory to establish that Novik was amenable to process under the long-arm statute. *See Haferkamp v. Grunstein*, No. 11-10-00194-CV,

2012 WL 1632009, at *6 (Tex. App.—Eastland May 10, 2012, pet. denied) (mem. op.) (holding jurisdictional allegations were too vague and conclusory to support jurisdiction under long-arm statute); *George v. Deardorff*, 360 S.W.3d 683, 688–89 (Tex. App.—Fort Worth 2012, no pet.) (holding plaintiff failed to plead sufficient jurisdictional facts under long-arm statute where plaintiff failed to show the defendants had any connection to Texas).[4]

### *Conclusion*

Because Lendr's petition failed to allege facts that, if true, would make Novik amenable to process under the long-arm statute, the trial court erred in denying Novik's motion for new trial. I would therefore sustain Novik's first issue, reverse and remand the portion of the judgment entering default judgment against Novik, and affirm the remainder of the judgment.[5]

/s/     Frances Bourliot
Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot (Jewell, J., majority).

---

[4] Civil Practice and Remedies Code section 17.042(2) provides that a nonresident does business in Texas if he "commits a tort in whole or in part in this state." Although Lendr raised a conversion claim in its petition, it appears—as the majority also concludes—that this claim was raised only against Stone Mountain and not Novik. Moreover, the conversion claim is clearly based solely on rights created under the contract and therefore sounds in contract and not tort law. *See, e.g., Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A"*, 192 S.W.3d 120, 126–27 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

[5] Stone Mountain did not file an appeal in this case, and Novik does not assert that he represents Stone Mountain's interests in this case.