

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00332-CV

---

David Gonzales and Ann Gonzales, Appellants

v.

City of El Paso, Appellee

---

On Appeal from the 210th District Court
El Paso County, Texas
Trial Court No. 2024DTX0229

---

## MEMORANDUM OPINION

Appellants, David Gonzales and Ann Gonzales, bring this interlocutory appeal from the trial court's denial of their special appearance filed in an ad valorem property tax suit. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(7). Finding no error, we affirm.

# I. BACKGROUND

On July 18, 2024, the City of El Paso (the City) filed a petition to recover delinquent ad valorem taxes on real property located in El Paso County. Tex. Tax Code § 33.41. The City's lawsuit named three defendants: "David Gonzalez (In Rem Only)," "Ann Gonzalez (In Rem Only)," and "Daniel J. Gonzalez (In Rem Only),"—all spelled with a "z." The same address in Sun Lakes, Arizona, was listed for each defendant. The City sought $8,031.70 in delinquent taxes due and owing for real property in El Paso County, and for tax year 2023.

On September 17, 2025, the Gonzaleses filed a special appearance and plea to the jurisdiction. They stated that, because their surname was "Gonzales," spelled with an "s," the citation and service in the case did not comply with the requirements of Rule 120a. They argued they had not been personally served, and the trial court lacked personal jurisdiction over them.

The same day, the City filed an amended petition listing the defendants as: "David Gonzales," "Ann Gonzales," and "Daniel J. Gonzales."[1] Additionally, the City alleged delinquent taxes due and owing for the years of 2023 and 2024 totaling $16,980.20. The City filed a response to the special appearance asserting the discrepancy in spelling for each defendant's name caused a misnomer as the "certified tax rolls" spelled the surname "Gonzalez" with a "z."

Following a hearing on the special appearance and plea to the jurisdiction, the trial court denied Appellants' motion and accepted the City's amended petition. This appeal followed.

# II. SPECIAL APPEARANCE

The Gonzaleses raise two issues on appeal. They contend the trial court erred in denying their special appearance because the citation, petition, and returns of service identified defendants by the wrong name. Second, the Gonzaleses assert the trial court erred in accepting the City's

---

[1] Daniel J. Gonzales is not a party to this appeal.

2

amended petition without requiring service of the live pleadings on them. We combine the issues together and address whether the trial court erred in denying the Gonzaleses' special appearance.

## A. Standard of review

Whether a court has personal jurisdiction over a defendant is a question of law. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). Frequently, however, a trial court must resolve questions of fact to reach this question of law. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). "On appeal, the trial court's determination to grant or deny a special appearance is subject to *de novo* review, but appellate courts may be called upon to review the trial court's resolution of a factual dispute." *Id.* When a trial court enters an order denying a special appearance and issues findings of fact and conclusions of law, "the appellant may challenge the fact findings on legal and factual sufficiency grounds." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

## B. Personal jurisdiction

The purpose of a special appearance is for a defendant to object to the court's jurisdiction over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts in this state. *See* Tex. R. Civ. P. 120a. The phrase "'not amenable to process issued by the courts of this state' can only be interpreted to mean that the special appearance is available solely to establish that the Texas Court cannot [ ] validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled." *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (per curiam); *see also HMS Aviation v. Layale Enterprises, S.A.*, 149 S.W.3d 182, 189 (Tex. App.—Fort Worth 2004, no pet.).

"A curable defect in service of process does not affect a non-resident defendant's amenability to service of process." *Kawasaki Steel Corp.*, 699 S.W.2d at 202. Complaints regarding defective service of process do not defeat a non-resident's amenability to the court's process and thus should be raised by a motion to quash and not by special appearance. *Kawasaki Steel Corp.*, 699 S.W.2d at 203; *see also Vitro Packaging de Mexico, S.A. de C.V. v. Dubiel*, No. 05-17-00258-CV, 2017 WL 6349708, at *3 (Tex. App.—Dallas Dec. 13, 2017, pet. denied) (mem. op.).

Although a claim of a defect in the service of process challenges whether the trial court's personal jurisdiction over the defendant has been properly invoked, such claims must be raised in a motion to quash, not in a jurisdictional challenge like a special appearance. *See Kawasaki Steel*, 699 S.W.2d at 202–03; *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.). This is because a curable defect in service of process does not defeat a defendant's amenability to the court's process and serves only to provide the defendant with more time to answer. *Kawasaki Steel*, 699 S.W.2d at 202–03; *see also Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003) (citing *Kawasaki Steel* in context of Rule 21a and holding that motion to quash is appropriate device to object to procedural error in service); *see also Summersett v. Jaiyeola*, 438 S.W.3d 84, 92–93 (Tex. App.—Corpus Christi 2013, pet. denied) (citing Rule of Civil Procedure 120 and stating that complaints regarding service of process may—unlike other types of jurisdictional complaints—be waived or cured under some circumstances, such as when defendant makes general appearance).

### C. Analysis

A special appearance allows a *nonresident* defendant to challenge the court's personal jurisdiction over the defendant without becoming subject to the jurisdiction of Texas courts.

Tex. R. Civ. P. 120a. To bring such a challenge, a party must first be a nonresident of Texas because it is presumed that Texas courts automatically have jurisdiction over Texas residents. *See Kawasaki Steel Corp.*, 699 S.W.2d at 203 (rule 120a permits only nonresident defendant to challenge jurisdiction of court over one's person or property); *see also Cantu v. Gray & Becker, P.C.*, No. 03-02-00099-CV, 2002 WL 31599470, at *4 (Tex. App.—Austin Nov. 21, 2002, pet. denied) (mem. op., not designated for publication) ("Texas courts are courts of general jurisdiction and have personal jurisdiction over Texas residents and all other persons who are amenable to process issued by the courts of this state.").[2]

Here, the Gonzaleses' special appearance did not allege, aver, or otherwise provide evidence showing their status as nonresidents who are not amenable to process issued by the courts of this State. Indeed, they concede they are Texas residents. For this reason, their special appearance lacks merit.

Even so, the Gonzaleses assert that service was not properly effected, and the trial court lacked personal jurisdiction, because the City's original petition and issued citations had listed the wrong name for each of them. The petition and citations mistakenly named each defendant as "Gonzalez" with a "z," not an "s." This fact is not disputed. They argue this spelling error led to invalid service and cite two cases in support.

First, in *Avila*, this Court considered an appeal on a writ of error to overturn a default judgment. *Avila v. Avila*, 843 S.W.2d 280, 280 (Tex. App.—El Paso 1992, no writ). There, because the petition, citation, and return contained a variant of defendant's name, we determined that service was invalid and had no effect. *Id.* at 282. That holding overturned the default judgment. *Id.*

---

[2] The Gonzaleses additionally argue the City raised no procedural defect against their special appearance in the trial court. However, we disagree this has any practical effect. Regardless of the City's framing of its argument, the validity of the special appearance is a central question of the appeal of the trial court's ruling.

Second, in *Uvalde Country Club*, the Texas Supreme Court similarly reversed a default judgment based on deficient service. *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985). But reliance on these two authorities is misplaced.

In *Avila* and *Uvalde Country Club*, the respective defendants had each challenged a default judgment based on defective service. Both decisions found error on the face of the record and in the rendering of default judgments. *Uvalde Country Club*, 690 S.W.2d at 885; *Avila*, 843 S.W.2d at 282. But here, no default judgment has been entered in the case. The Gonzaleses acknowledge as much. Still, they assert that Texas law requires "strict compliance" with the rules governing citation, service, and returns. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). They argue "the City cites no authority for holding that actual notice or physical receipt [of a petition] cures a facial defect in service when the defendant raises the issue before judgment by special appearance." However, as discussed in these cases, strict compliance is required before a trial court may enter a default judgment. *See id.* at 837 ("We hold that a default judgment is improper against a defendant who has not been served in strict compliance with law, even if he has actual knowledge of the lawsuit."). Although the Gonzaleses' emphasize the importance of strict compliance with the rules governing service, they rely on these authorities for dismissal of the case, not for reversal of a default judgment. The proper relief for a defect in process is not dismissal, but rather, more time to answer the suit. *Kawasaki Steel Corp.*, 699 S.W.2d at 202; *see also* Tex. R. Civ. P. 122 (describing the result of a constructive appearance through a successful motion to quash service).

Moreover, we reject the Gonzaleses' argument that their filing of a "special appearance did not relieve the City of its obligation to serve the live pleading." Because their special appearance essentially operated as an attack on defective service, it constituted a general appearance that cured any defect that may have resulted. *See Kawasaki Steel Corp.*, 699 S.W.2d at 202 (providing that a

6

purported special appearance that only challenges the propriety of the service of process, is not in fact a special appearance pursuant to rule 120a and such challenge against service of process is a general appearance); *Raymond Corp. v. Rubio*, 658 S.W.3d 740, 749 (Tex. App.—El Paso 2022, pet. denied) (considering special appearance that attacked defective service as a general appearance); *see also* Tex. R. Civ. P. 123 (stating that when a judgment is reversed on appeal for want of service, or because of defective service of process, no new citation shall be issued or served, but "the defendant shall be presumed to have entered his appearance"); *Avila*, 843 S.W.2d at 282 (reversing default judgment, remanding to the trial court for further proceedings, and holding that defendant had now entered a general appearance through its writ of error challenging defective service).

Finding no error in the trial court's denial of the Gonzaleses' special appearance, we overrule their two issues. All pending motions are dismissed as moot.

### III. CONCLUSION

We affirm.


GINA M. PALAFOX, Justice

June 10, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

7