### SARRIS v. CHRISTIE.

No. 13999.

Court of Civil Appeals of Texas. Dallas.
Jan. 14, 1949.

Rehearing Denied Feb. 11, 1949.

John W. Miller, of Dallas, for appellant.

Wm. Andress, Jr., of Dallas, for appellee.

BOND, Chief Justice.

Theodore Christie, doing a restaurant business at Houston, Texas, in name of "Christie's," instituted this suit for an injunction, temporary and permanent, and for damages against Gus Sarris, doing business in Dallas, Texas, in name of "Christie's Sea Food." The controversy arose over Sarris' use of the trade-name "Christie's" in business advertisements in the City of Dallas.

Theodore Christie and Gus Sarris are doing restaurant business only in the aforesaid respective cities. Theodore adopted the trade-name "Christie's" in 1939, and he alleges that the name "Christie's" has become well known not only in the Houston area but throughout the southwest and in the Dallas area; thus creating a large amount of good will, and a secondary meaning of a good sea-food restaurant. In 1948 Sarris operated a restaurant in the City of Dallas, specializing in sea food, and adopted the trade-name "Christie's

Sea-Food"; displaying the name by neon electric signs, on menu cards and in newspaper advertisements as having no connection with "Christie's" at Houston, Texas, and that he and one J. N. Chantley were the owners and operators of the business. The suit is bottomed on the theory that Sarris in the use of the name "Christie's" in the promotion of his restaurant is guilty of unfair competition, in that, the two names are so similar that any person with reasonable care and observation, as the public generally is capable of using and may be expected to exercise, would mistake the ownership of the one for the other, and deal with one concern when he thought he was dealing with the other, thus, in effect, perpetrating a fraud on the public, misleading Theodore's customers when in Dallas, and reaping a pecuniary benefit from the use of the name "Christie's" to which he is not entitled. The petition for the injunction was filed on May 19, 1948, and is fuller and more complete than detailed in above statement; and when presented, the judge in chambers made order for Mr. Sarris to appear on May 21, 1948 to show cause why a temporary injunction should not be granted. On hearing, Sarris having filed answer, under oath, completely denying all equities set out in plaintiff's petition for the injunction, the court entered judgment restraining and enjoining Sarris from displaying, using, advertising, or showing the name "Christie's" upon, in, or in connection with his restaurant or place of business in the City of Dallas, and from in any way representing or holding out his said restaurant as being "Christie's"; conditioned, however, upon Theodore Christie's filing an injunction bond in the amount of $1,500, and, then, suspended the judgment on Sarris' filing supersedeas bond in the sum of $1,000. The bonds were given; Sarris appealed.

■ The factual background of the suit, other than applicable summary conclusions of law, is not controverted or challenged in briefs of the parties, accepted as correct; thus, in absence of a statement of facts on this appeal, the required statement in briefs, Rule 419, Vernon's Texas Rules of Civil Procedure, as to the facts upon which the judgment appealed from was based, are adopted in lieu of statement of facts. In entering the judgment, the court necessarily found that appellant Sarris in adopting the name "Christie's Sea-Food," under which he was doing business in the City of Dallas, did so for the fraudulent purpose of deceiving the public and securing patrons that otherwise he would not get; and not that appellant Sarris was reaping that which appellee would have gotten. It is inconceivable that any customer, wanting a meal of sea food, going to "Christie's Sea-Food" restaurant in Dallas, would forego the meal if he knew the place was not the "Christie's" at Houston, or that he would go to Houston to get his fill.

The record reveals that appellee was not conducting any business in Dallas, had no affiliated concern in Dallas, and it is not contended here that appellant's menu or his restaurant was not up to the standard of a connoisseur, as was appellee's restaurant in Houston. Hence there is no basis for judgment on the theory of unfair competition as would affect the Houston restaurant.

The record discloses that in 1939 Theodore Christie and his wife Elefteria Christie owned and operated the "Christie's" cafe in Houston. Mrs. Christie and Mrs. Sarris were sisters. In 1941 Gus Sarris and one J. J. Lampis were engaged in and operated a restaurant in San Antonio, Texas, designated as "Ship Ahoy," located on the highway between San Antonio and Austin, Texas. In October 1941 they acquired other location in a different part of San Antonio, near United States Army Camp; leased a building with optional agreement to purchase, and moved to the new address. At the new location in San Antonio Christie made investments with Sarris in the business, became a partner with Sarris and Lampis; and, having operated a successful business at Houston in name of "Christie's", he revised the tradename of the new business in San Antonio to be changed from "Ship Ahoy" to "Christie's" with the understanding that the other two parties in the interprise would have no interest in "Christie's" at Houston. The new business, by close economy and industry on the part of Sarris and Lampis,

who operated the business, developed, flourished, and became widely known at San Antonio and other places throughout the southwest for the high quality of its sea food, etc. In August 1942 Theodore Christie and his wife Elefteria were divorced, and in settlement of their property rights, pertinent here, Mrs. Christie, by the judgment, was awarded all right, title and interest in and to the business in San Antonio known as "Christie's," and Mr. Christie was awarded the whole of the business in Houston known as "Christie's". Following the divorce, the wife also retained partnership in the San Antonio business and the good will and trade-name "Christie's" in San Antonio. This partnership trade-name and business association continued until 1946, when the business was sold and the new purchasers continued the trade-name "Christie's" in San Antonio. Thereafter Mrs. Elefteria Christie remarried, and in March 1948, Gus Sarris and J. N. Chantley formed a new partnership and went into the restaurant business in Dallas under the trade-name "Christie's Sea Food" as they had been using in San Antonio. Before opening said business in Dallas, Mr. Sarris contacted Mr. Christie at Houston and the two aforesaid members of his San Antonio firm (J. J. Lampis and Elefteria Christie) in reference to the opening of his Dallas Restaurant under the name "Christie's Sea Food." They voiced no objection, other than Mr. Christie countered by demanding a royalty or contribution to him for, use of the name "Christie's"; Mrs Elefteria Christie and Mr. Lampis voiced consent. Whereupon Sarris and his Dallas partner, Chantley, ignored and refused to submit to Mr. Christie's royalty demand, and then openly displayed the trade-name "Christie's Sea Food," labeled as being owned and operated by Sarris and Chantley, and having no connection with "Christie's" at Houston, without the payment of royalty or contribution to Mr. Christie.

■ Equity will not countenance the sale or barter of a word, name or symbol in absence of exclusive charter or registered use, to avoid perpetrating fraud upon the public. If the use of a word, name or symbol in trade-names or trade signs has the effect of fraudulently deceiving the public, such use is not saleable, and its use cannot be enjoined by either party guilty of bringing about the fraud. The use of a trade-name or symbol in business involves no inflexible rule. It is now well settled, we think, that every person has the right to honestly use a name in his own business and any injury resulting from such use is damnum absque injuria; provided he does not resort to any artifice or do any act calculated to mislead the public as to the identity of the establishment or to produce injury to the other beyond that which results from the similarity of the names.

■ The complaint here arises from and is governed by the rules of equity. A "temporary injunction" is a provisional remedy allowed before a hearing on the merits, with the sole idea in view to preserve the subject matter in controversy in its then existing condition. In general, it is the duty of the trial court to refuse an application for a temporary injunction where the effect of the order would be to change the status quo of the subject matter in controversy; and, too, without a clear showing that it is sought to prevent irreparable injury or damage to the movant before the subject matter of the suit can be heard, or that the acts complained of are such as to perpetrate a fraud upon the public. Before this suit was filed, appellant Sarris and his partner Chantley were using the trade-name "Christie's Sea Food," limiting its application to the Dallas restaurant, and to their exclusive ownership and operation, and disavowed any connection with "Christie's" at Houston. We think the use of the trade-name and its attending limitations and exclusion, is not calculated to mislead the public, or present unfair competition to appellee and his business, as to enjoin its use pending a hearing on the merits. Appellant is entitled to a final hearing before the court or jury, on the question of his infringement on appellee's right to the exclusive use of the name "Christie's" under the related circumstances, and as to whether such infringement would likely mislead the public to patronize appellant's restaurant in

the belief they were patronizing the restaurant as belonging to appellee. The issuance of the temporary injunction would disturb the status quo; hence the judgment of the lower court is reversed, temporary injunction dissolved, and the cause remanded to the trial court for further proceedings.