DAVID A. CARL ENTERPRISES, INC., Appellant,

v.

CROW–SHUTT #14, Appellee.

No. 16851.

Court of Civil Appeals of Texas, Houston, First District.

March 17, 1977.

Wheat, Thornton & Wheat, Woodrow A. Holland, Joe F. Wheat, Houston, for appellant.

Bass & Bass, Larry W. Bass, Houston, for appellee.

EVANS, Justice.

This appeal is from an order denying the appellant's motion for a new trial following entry of a default judgment.

Appellant's first four points of error question the legal and factual sufficiency of the evidence to support the trial court's findings that service on the appellant was properly effected.

The appellee's original petition alleged that appellant could be cited by serving David A. Carl, its registered agent, and that appellant's registered office was 5731 Gulfton, Houston, Harris County, Texas. The petition further alleged that service could also be accomplished by serving David A.

Carl, its registered agent, at 1040 Executive Plaza East, 4615 Southwest Freeway, Houston, Harris County, Texas.

The original citation designated appellant to be a corporation and recited that service might be effected by serving David A. Carl, the appellant's registered agent. No address for the appellant or its registered agent appears on the face of the citation, but the citation does recite that it is accompanied by a copy of the plaintiff's original petition. The reverse side of the citation shows the printed form of the officer's return, with only the stamped notation: "Returned unexecuted on orders of plaintiff. 5-14-76." On that same side, above the designation of appellant's name appears a handwritten notation "4615 S.W. Freeway 1040." Also appearing on the reverse side of the citation is another handwritten notation "Moved 3-22-76, NA Gulfway Service Center 5903 Sovereign Dr."

On June 7, 1976 appellee filed its first amended original petition, alleging that appellant's registered agent could not with reasonable diligence be found at the appellant's registered office, and suggesting that process could be served upon the Secretary of State pursuant to the provisions of Article 2.11, Texas Business Corporation Act.

■ When a domestic corporation fails to appoint or maintain a registered agent, or the registered agent "cannot with reasonable diligence be found at the registered office," service of process may be effected by serving the Secretary of State. Article 2.11(B), Texas Business Corporation Act. Under this statute when service is properly effected upon the Secretary of State, he is required to cause one of the copies of the process to be forwarded by registered mail, addressed to the corporation at its registered office.

The certificate of the Secretary of State, which appears in a supplemental transcript obtained by this court on its own motion, recites that a copy of the process and petition were forwarded to "David A. Carl Enterprises, Inc. Attention 'David A. Carl, registered agent, 5731 Gulfton, Houston, Texas'" and that the citation was returned bearing the notation "undeliverable as addressed, unable to forward."

The trial court found as a fact that the appellant had designated Mr. David A. Carl as its registered agent for service of process and that 5731 Gulfton, Houston, Harris County, Texas was its registered office. It further found that said registered agent could not, with reasonable diligence, be found at the registered office of said defendant.

■ The trial court's finding that the registered office of appellant was 5731 Gulfton, Houston, Harris County, Texas is determinative of that matter. Since no statement of facts was brought forward, the trial court's findings are conclusive, and it must be presumed that the evidence was sufficient to support such findings. *Vanity Fair Properties v. Billingsley,* 469 S.W.2d 453, 454 (Tex.Civ.App.-San Antonio 1971, writ ref'd n.r.e.); McDonald, Texas Civil Practice, Vol. 4, section 16.10, pp. 29–30. This is true notwithstanding the unchallenged statement in appellant's brief that the records in the office of the Secretary of State showed the registered office of appellant to be 5731 Gulfton, Apt. 71, Houston, Texas.

■ The trial court's finding that the registered agent could not, with reasonable diligence, be found at the registered office of the appellant cannot, however, be deemed conclusive of that fact.

■ When a citation has been returned unserved, the officer's return must itself show the diligence used by the officer to execute the citation and the cause of his failure to execute. Rule 107, Texas Rules of Civil Procedure. The original citation, including the officer's return, is a part of the appellate record and is before this court for review. The officer's return shows only that the citation was returned unserved; it does not show the diligence used by the officer to execute the citation or the cause of his failure to execute it.

■ In order to sustain a default judgment upon substituted service, there must

be affirmative proof in the record that the defendant was served in the manner required by statute. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Whitney v. L & L Realty Corporation* and *Parnass v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex. 1973). No presumption will be indulged to aid the sheriff's return in order to support a default judgment. *Tullis v. Scott,* 38 Tex. 537, 540 (1873); *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust,* 476 S.W.2d 97, 100 (Tex.Civ.App.-Corpus Christi 1972, no writ).

■ The officer's return in the case at bar will not support a default judgment since it does not affirmatively show the diligence used by the officer in executing the citation or the cause of his failure to execute it. *Hanover Modular Homes of Taft v. Corpus Christi Bank & Trust,* 476 S.W.2d 97, 99 (Tex.Civ.App.-Corpus Christi 1972, no writ); *Jacksboro National Bank v. Signal Oil & Gas Co.,* 482 S.W.2d 339 (Tex. Civ.App.-Tyler 1972, no writ). Furthermore, the notations appearing on the citation tend to show that service was attempted at 4615 Southwest Freeway, the alternative location designated in the plaintiff's petition, rather than at 5731 Gulfton, Houston, Texas, the alleged registered office of the appellant. The officer's return on the citation does not affirmatively show that the officer properly attempted to execute the citation.

■ Since it is apparent from the face of the record that the officer's return is defective and that the trial court lacked in personam jurisdiction over the appellant, the entry of a default judgment based upon such citation constitutes reversible error. Rule 434, Texas Rules of Civil Procedure; *Diamond Chemical Company v. Sonoco Products Co.,* 437 S.W.2d 307, 308 (Tex.Civ. App.-Corpus Christi 1968, no writ); *Carlson Boat Works v. Hauck,* 459 S.W.2d 887, 888 (Tex.Civ.App.-Houston [1st] 1970, no writ).

■ The trial court made a further finding that the appellant had admitted in its motion for new trial that its registered agent was not located at 5731 Gulfton, Houston, Harris County, Texas, "for a period of time prior to the attempted service of process by the Sheriff therein." This finding is also contrary to the face of the record. In an affidavit filed in support of appellant's motion for new trial, appellant's president stated that he had been informed by his attorneys that appellant had been served with citation by delivering a copy of such citation to the Secretary of State, who was then to forward a copy to him, and that appellant's address, as reflected in the files of the Secretary of State "must be in error" as he had never received a copy of the citation. This statement taken in context merely reflects the affiant's conclusion that since he had not received a copy of the citation from the Secretary of State's office, the official designation of the appellant's registered office must be in error. This does not constitute an admission by the appellant that its registered agent was not located at the registered address of the corporation at the time of the attempted service of process.

In view of this court's ruling that the trial court's judgment must be reversed and the cause remanded for further proceedings, it is not necessary to consider the appellant's further points that the evidence is legally and factually insufficient to support the trial court's findings that the appellee proved a valid cause of action against the appellant.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

Judgment rendered and opinion filed March 17, 1977.