Ralph CHEEK, Petitioner,

v.

Joe ZALTA, Respondent.

No. C–2724.

Supreme Court of Texas.

May 16, 1984.

John L. Fulbright, Beaumont, for petitioner.

Ducoff & Chanon, Bernard L. Chanon, Theodore S. Abbott, Houston, for respondent.

CAMPBELL, Justice.

The court of appeals dismissed Ralph Cheek's appeal of a trial court judgment for failure to file a statement of facts. (Rule 452 opinion.)[1] Cheek contends the dismissal was an abuse of discretion. We agree.

Cheek perfected an appeal and timely requested on July 11, a statement of facts. The time for filing the statement of facts was September 8, 1983. However, on that date, the statement of facts had not been prepared. On September 22, Cheek filed a Rule 21c motion to extend the time for filing. The court reporter's affidavit, attached to the motion, requested the extension to October 15. The court of appeals, on November 10, granted the extension, but only until October 15.

It is undisputed the statement of facts was not prepared on November 10. This court held, in *Wolters v. Wright*, 623 S.W.2d 301 (Tex.1981), that it was an abuse of discretion to dismiss an appeal for failure to file the statement of facts if the court reporter had not completed the statement of facts if through no fault of appellant.

Rule 21c provides for granting an extension of time to file a statement of facts if a motion reasonably explaining the need is filed within 15 days of the due date. The court of appeals, by its order of November 10 limiting the extension to October 15, precluded Cheek from filing a motion for a second extension within the 15 day limitation of Rule 21c.

The judgment of the court of appeals dismissing the appeal is reversed and the

---

**1.** All references to Rules are to Texas Rules of Civil Procedure.

cause is remanded to that court to allow the filing of the statement of facts and briefs, and for consideration of the merits.