**MEN'S WEARHOUSE, Appellant,**

v.

**Michael HELMS, Appellee.**

**No. 01–83–0331–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1984.

Rehearing Denied Dec. 31, 1984.

John F. Nichols, Linda Marshall, John F. Nichols, P.C., Houston, for appellant.

Howard L. Nations, Zandra R. Anderson, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

**OPINION**

DOYLE, Justice.

This appeal arises from a judgment in favor of appellee on theories of assault, battery, and false imprisonment. In prosecuting its appeal from a bench trial, appellant failed to timely file a statement of facts. Tex.R.Civ.P. 386. A motion requesting leave for late filing was filed with this court and overruled, and a motion for rehearing was denied. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860

(Tex.1982). The Texas Supreme Court dismissed the *Men's Wearhouse* appeal on this point for lack of jurisdiction. 27 Tex. Sup.Ct.J. 264 (March 10, 1984) (unpublished).

The case thus presents itself for our review without a statement of facts. However, findings of fact and conclusions of law, which were not objected to by the defendant, were made by the trial court as follows:

## FINDINGS OF FACT

1. On or about November 14, 1977, Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed, and/or ratified the following acts:

    (a) the willful detention of [plaintiff] Michael Helms;

    (b) such detention being without the Plaintiff's consent;

    (c) such detention being without authority of law.

2. Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed and/or ratified conduct which resulted in personal injury to Michael Helms and which proximately caused Michael Helms to suffer mental anguish, humiliation, shame, fright, embarrassment, depression and physical pain.

3. Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed and/or ratified conduct which was reckless, willful, malicious and in wanton disregard of Michael Helm's rights in injuring him.

4. Defendant intentionally or knowingly caused physical contact with Plaintiff when defendant knew or should have reasonably believed the Plaintiff would regard the contact as offensive or provocative.

## CONCLUSIONS OF LAW

1. Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed and/or ratified conduct which constituted an assault and battery on Michael Helms and caused actual damages in the amount of Five Thousand dollars ($5,000.00).

2. Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed and/or ratified the false imprisonment of Michael Helms causing actual damages to him in the amount of Fifteen Thousand dollars ($15,000.00).

3. Defendant, its vice-principal, agents, servants and employees participated in, authorized, directed and/or ratified reckless, willful, malicious conduct in wanton disregard of Michael Helms rights for which Defendant should pay Plaintiff the sum of Forty Thousand dollars ($40,000.00) in exemplary damages.

Since no statement of facts was brought forward, the trial court's findings are conclusive, and it must be presumed that the evidence was sufficient to support such findings. *Mullins v. Main Bank & Trust,* 592 S.W.2d 24, 25 (Tex.Civ.App.—Beaumont 1979, no writ); *David A. Carl Enterprises, Inc. v. Crow-Shutt #14,* 553 S.W.2d 118, 120 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Vanity Fair Properties v. Billingsley,* 469 S.W.2d 453, 454 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.) and cases cited therein. Rule 419 of the Texas Rules of Civil Procedure provides, "any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." *See White v. Corpus Christi Little Misses Kick. Ass'n,* 526 S.W.2d 766 (Tex. Civ.App.—Corpus Christi 1975, no writ). However, when the trial court has filed specific findings of fact that are sufficient to support its judgment, the rule should not be invoked to avoid the binding effect of such findings. *David A. Carl Enterprises, Inc., supra.* Thus, we decline to apply rule 419 in the instant case.

Appellant brings 19 points of error. Of these, 15 expressly relate to the state of the evidence presented at trial, alleging

variously the absence or insufficiency of the evidence to support elements of appellee's case or the conclusiveness of the evidence in defense of the alleged offending conduct. There being no statement of facts in the record, we must presume there was evidence to support the findings of fact and the court's judgment. *Mays v. Pierce,* 281 S.W.2d 79, 82 (Tex.1955).

■ The remaining four points of error, numbers 13, 15, 17, and 19 allege that the court's damage awards were either excessive or an abuse of discretion. The remaining four points are also determined by this rule because it was not against the great weight and preponderance of the evidence.

We conclude that the judgment of the trial court is supported by the record. The judgment is affirmed.

LEVY, J., dissenting in part.

LEVY, Justice, dissenting.

I adhere to the views expressed in my earlier dissent, being somewhat appalled by the procedural disaster generated by the majority's perfunctory application of Rule 21c, Tex.R.Civ.P.Ann.

By denying appellant's motion to permit a late filing of the statement of facts, despite the mitigating facts that:

(a) the transcript was timely filed;

(b) the statement of facts was timely prepared and *distributed* to the opposing counsel;

(c) appellee did not plead, nor could he show, any harm resulting from the appellant's oversight in not timely filing the statement of facts, because he received a copy thereof well before the May 27th deadline;

(d) no delay in the appellate process *whatsoever* occurred;

the majority compels the conclusiveness of the trial court's findings; forces the presumption that the evidence was sufficient to support such findings; and effectively

ignores adjudication of appellant's nineteen points of error, most of which were evidentiary questions.

In this triumph of form over substance, the majority succeeds in nullifying the teaching of *Cheek v. Zalta,* 669 S.W.2d 719 (Tex.1984), in which a similar situation induced the Supreme Court to remand the cause to the Court of Appeals "to allow the filing of the statement of facts and briefs and for consideration of the merits."

Nor can I agree with the majority's unsupported holding that we are not entitled to consider uncontested assertions contained in the parties' briefs as a substitute statement of facts, pursuant to Tex.R. Civ.P. 419. *See Sarris v. Christi,* 217 S.W.2d 99, 101 (Tex.Civ.App.—Dallas 1949, writ ref'd n.r.e.), which holds:

> The factual background of the suit, other than applicable summary conclusions of law, is not controverted or challenged in briefs of the parties, accepted [sic] as correct; thus in absence of a statement of facts on this appeal, the required statement in briefs, Rule 419, Vernon's Texas Rules of Civil Procedure, as to the facts upon which the judgment appealed from was based, are adopted in lieu of statement of facts.

Our Rule 1 of the Texas Rules of Civil Procedure was assigned its preferred, and in fact primary, position to indicate decisively that all subsequent rules *shall* be given a liberal construction in order to obtain a "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law."

By blindly applying Rule 21c, we are depriving appellant of his right to an adjudication on the merits and thus his fundamental right to procedural fairness. This constitutes a violation, as I said in my earlier dissent, of the Due Process Clause of the 14th Amendment, "perhaps the most majestic concept in our whole constitutional system."[1] Its operation in this case compels conclusions and presumptions that, in

---

1. *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 173–4 (1951) (concurring opinion).

effect, deprive this Court of the opportunity to affirm the fairness of the trial.

For these reasons, I respectfully dissent.