

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00522-CV

Dionisio G. **TORRES** d/b/a Torres Design & Construction, Torres Design & Construction, Inc., and Torres Construction,
Appellant

v.

Leticia **HAYNES**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2011CVF001094-D1
Honorable Jose A. Lopez, Judge Presiding

## OPINION ON REHEARING

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  February 19, 2014

MOTION FOR REHEARING GRANTED; REVERSED AND REMANDED

On November 6, 2013, we issued an opinion and judgment affirming the trial court's no-answer default judgment against the appellant, Dionisio G. Torres. Torres timely moved for rehearing, and the appellee, Leticia Haynes, filed a response. After considering the motion and response, we grant Torres's motion, withdraw our opinion and judgment of November 6, 2013, and substitute this opinion and judgment in their place.

Leticia Haynes hired Torres to build a restaurant in Laredo, Texas. In July 2011, Haynes filed suit against Torres alleging breach of contract, breach of warranty, violations of the DTPA, and negligence. On April 5, 2012, the court rendered a default judgment against Torres at the conclusion of a hearing on Haynes's unliquidated damages. In our earlier opinion and judgment, we held the trial court did not err by denying Torres's motion for new trial and in awarding unliquidated damages.

On rehearing, Torres contends for the first time that the default judgment against him "is void because [Haynes] failed to prove service" on him. Points of error concerning the trial court's jurisdiction to proceed to judgment present questions of fundamental error and are exempt from the general rule that points of error raised for the first time in a motion for rehearing are too late to be considered. *See Tex. Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied) (per curiam) (op. on reh'g) (holding that the district court lacked subject-matter jurisdiction because appellees did not timely appeal from agency decision). A trial court has no jurisdiction to render a default judgment when the rules governing service of process have not been strictly complied with. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. . . . Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law."); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 41 (Tex. App.—San Antonio 2011, no pet.) ("Because the record does not show strict compliance with the rules regarding issuance, service, and return of citation, the trial court had no jurisdiction over [the defendant] at the time the default judgment was rendered."). Thus, whether the trial court lacked jurisdiction over Torres is a matter of fundamental error that may be raised for the first time on rehearing. *See, e.g., Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687–88 (Tex. 1991) (per curiam) (summarily reversing and remanding after considering appellant's

contention, raised for the first time before the court of appeals in motion for rehearing, that portion of trial court's judgment against it was void because it was not a party in the trial court).

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal." *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment," *Wilson*, 800 S.W.2d at 836 (quoting *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)) (alteration omitted), and "[v]irtually any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment." *Bus. Staffing, Inc. v. Gonzalez*, 331 S.W.3d 791, 792 (Tex. App.—Eastland 2010, no pet.). "The record must affirmatively show that the trial court had jurisdiction over the defendant *at the time that the judgment was rendered*." *Cates v. Pon*, 663 S.W.2d 99, 101 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (emphasis added).

Here, the record shows that Torres was served by substituted service of citation, instead of personal service. *See generally* TEX. R. CIV. P. 106. The record contains the serving officer's affidavit that two previous attempts to personally serve Torres had been made. *See* TEX. R. CIV. P. 106(b). The record also contains the return of service, on which the officer made a handwritten notation that the citation was posted on the front door of Torres's residence. *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) ("The return of service . . . has long been considered prima facie evidence of the facts recited therein.").

To comply with the rules governing substituted service of citation, Haynes was required to file a motion supported by affidavit seeking substituted service, TEX. R. CIV. P. 106(b), and the trial court was required to authorize substituted service in a manner "that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the

suit." TEX. R. CIV. P. 106(b)(2). The record does not contain a motion by Haynes seeking substituted service, nor does it contain an order from the trial court authorizing service by posting the citation on Torres's door. There is nothing in the record to suggest that such a motion was filed or that such an order was entered. The record's lack of a motion requesting substituted service and lack of an order authorizing substituted service—which are explicitly required by the rules—shows that Torres was not served in strict compliance with the rules governing service of citation. *See Lejeune*, 297 S.W.3d at 256; c*f. Wilson*, 800 S.W.2d at 836 ("In this case, [the defendant] was not strictly served in compliance with Rule 106(b) because substituted service was not properly authorized absent the affidavit explicitly required by the rule.").

Haynes argues that Torres waived service of citation when his attorney made a general appearance on April 5, 2012—the day of the damages hearing at which the trial court orally rendered default judgment. *See* TEX. R. CIV. P. 120. The only support in the record showing that Torres's attorney made an appearance is the trial court's computerized docket sheet, containing the following notation with respect to the April 5, 2012 hearing: "* * * AFTER THE HEARING, ATTORNEY ARMANDO TREVINO MAKES HIS APPEARANCE FOR THE DEFENDANT, AND IS NOTIFIED OF THE MAY 1ST SETTING BY THE COURT." However, the reporter's record of the hearing clearly reflects that neither Torres nor his attorney were present before the trial court rendered the default judgment at the conclusion of the hearing. At best, the docket sheet shows that Torres's attorney made an appearance *after* the trial court had already rendered the default judgment against Torres without the jurisdiction to do so.

The record shows that Torres was not served in strict compliance with the Rules of Civil Procedure, and as a result, the trial court was without jurisdiction to render a default judgment against Torres. *See Wilson*, 800 S.W.2d at 837; *Orgoo, Inc.*, 341 S.W.3d at 41. The actions of Torres's attorney subsequent to the rendition of the default judgment could not retroactively

validate or "breathe life" into the already rendered default judgment. *Frazier v. Dikovitsky*, 144 S.W.3d 146, 150 (Tex. App.—Texarkana 2004, no pet.); *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 417 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Cates*, 663 S.W.2d at 102.

We reverse the judgment of the trial court and remand the cause for further proceedings not inconsistent with this opinion.

Luz Elena D. Chapa, Justice