ACCEPTED
03-17-00746-CV
21628391
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 10:12 AM
JEFFREY D. KYLE
CLERK

**NO. 03-17-00746-CV**

IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 10:12:31 AM
JEFFREY D. KYLE
Clerk

COMAL & CO., LLC.

Appellant,

v.

MICHELLE MAYS

Appellee.

## APPELLANT'S BRIEF

On Appeal from the County Court at Law #1
Comal County, Texas
Trial Court No. 2017CVA0011
Honorable Randy C. Gray, Judge Presiding

CATHERINE M. STONE
State Bar No. 19286000
cstone@langleybanack.com
PAULA C. BOSTON
State Bar No. 24089661
pboston@langleybanack.com

LANGLEY & BANACK, INC.
745 E. Mulberry, Ste. 700
San Antonio, Texas 78212
(210) 736-6600 Telephone
(210) 735-6889 Facsimile

***ATTORNEYS FOR APPELLANT***
***COMAL & CO., LLC***

**Appellant Requests Oral Argument**

# IDENTIFICATION OF PARTIES

| | |
|---|---|
| **Appellant:** | **Comal & Co., LLC ("Comal & Co.")** |
| Trial Counsel: | None |
| Appellate Counsel: | Catherine M. Stone |
| | Paula C. Boston |
| | LANGLEY & BANACK, INC. |
| | 745 E. Mulberry, Ste. 700 |
| | San Antonio, Texas 78212 |
| | Telephone: (210) 736-6600 |
| | Facsímile: (210) 735-6889 |
| | cstone@langleybanack.com |
| | pboston@langleybanack.com |
| **Appellee:** | **Michelle Mays ("Mays")** |
| Trial and Appellate Counsel: | James R. Heinbaugh |
| | 1111 N. Walnut Ave., Ste. 102 |
| | New Braunfels, Texas 78130 |
| | jimmy@nbtxlaw.com |
| **Trial Court:** | The Hon. Randy C. Gray |
| | County Court at Law #1 |
| | Comal County |
| | 424 S. Castell Ave., Ste 102 |
| | New Braunfels, Texas 78130 |

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES ...........................................................................i

TABLE OF CONTENTS ....................................................................................ii

TABLE OF AUTHORITIES................................................................ iii

STATEMENT OF THE CASE .............................................................v

STATEMENT REGARDING ORAL ARGUMENT .................................v

ISSUE PRESENTED .......................................................................vi

> When a Plaintiff fails to comply with Texas Rule of Civil Procedure 106 and the trial court erroneously grants an unacceptable substitution of service, all of which are obvious on the face of the record, should the default judgment be overturned in keeping with well-established Texas law?

STATEMENT OF FACTS........................................................................1

SUMMARY OF THE ARGUMENT .........................................................4

ARGUMENT ......................................................................................4

    A.    Standard of Review .......................................................................4

    B.    Appellant's Burden of Proof in a Restricted Appeal......................5

    C.    The Burden of Proof is Met.............................................................5

    D.    There Was No Compliant Affidavit. .............................................6

    E.    The Trial Court Granted Unlawful Relief. ...................................9

PRAYER ..........................................................................................12

CERTIFICATE OF COMPLIANCE.......................................................13

CERTIFICATE OF SERVICE..............................................................13

APPENDIX.......................................................................................14

# TABLE OF AUTHORITIES

**CASES**:

*Benefit Planners, L.L.P. v. RenCare, Ltd.*,
   81 S.W.3d 855 (Tex. App.—San Antonio 2002,
   pet. denied)..................................................................................6

*C.W. Bollinger Ins. Co. v. Fish*,
   699 S.W.2d 645 (Tex. App.—Austin 1985, no writ) ...................... 11, 12

*David A. Carl Enterprises, Inc. v. Crow-Shutt # 14*,
   553 S.W.2d 118 (Tex. Civ. App.—Houston [1st Dist.]
   1977, no writ) ...............................................................................11

*Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*,
   186 S.W.3d 571 (Tex. 2006) ...................................................4

*Norman Communications v. Texas Eastman Co.*,
   955 S.W.2d 269 (Tex. 1997) ...................................................4

*Paramount Credit, Inc. v. Montgomery*,
   420 S.W.3d 226 (Tex. App.—Houston [1st Dist.]
   2013, no pet.)................................................................................11

*Pike-Grant v. Grant*,
   447 S.W.3d 884 (Tex. 2014) ...................................................5

*Primate Const., Inc. v. Silver*,
   884 S.W.2d 151 (Tex. 1994) ...................................................4

*TAC Americas, Inc. v. Boothe*,
   94 S.W.3d 315 (Tex. App.—Austin 2002, no pet.) ...............................5

*Torres v. Haynes*,
   432 S.W.3d 370 (Tex. App.—San Antonio 2014,
   no pet.)..........................................................................................8

*Wilson v. Dunn*,
   800 S.W.2d 833 (Tex. 1990) ...........................................................7, 8

**STATUTES**:

TEX. BUS. ORGS. CODE § 2.251 ...................................................... 9, 10, 11

TEX. BUS. ORGS. CODE § 5.252 .................................................................. 9

**RULES**:

TEX. R. CIV. P. 26.1 ...................................................................... 3

TEX. R. CIV. P. 30 ........................................................................ 3

TEX. R. CIV. P. 106 ................................................................ *passim*

TEX. R. CIV. P. 107 ............................................................. 10, 11, 12

TEX. R. CIV. P. 124 ................................................................... 12

## STATEMENT OF THE CASE

This is a restricted appeal of a default judgment signed on August 9, 2017, that was inappropriately rendered against Appellant, Comal & Co., LLC. The underlying matter is a roof repair dispute, with allegations of breach of contract and deceptive trade practices, among others. CR 8-14. Appellant never received proper notice of this matter and learned of the default judgment only after the fact. Because Appellee, Michelle Mays, failed to obtain service of process on Appellant and the substituted service approved by the trial court was invalid under the Texas Rules of Civil Procedure, the default judgment must be reversed and the underlying matter remanded to the trial court for disposition.

## STATEMENT REGARDING ORAL ARGUMENT

Although Mays' failure to comply with Texas Rule of Civil Procedure 106 is obvious on the face of the record before the Court, oral argument is requested to aid the Court in resolving this issue and discussing the arguments presented herein.

# ISSUE PRESENTED

When a Plaintiff fails to comply with Texas Rule of Civil Procedure 106 and the trial court erroneously grants an unacceptable substitution of service, all of which are obvious on the face of the record, should the default judgment be overturned in keeping with well-established Texas law?

## STATEMENT OF FACTS

On January 9, 2017, Mays filed her Original Petition. *CR 8.* That day, a Citation by Mailing was signed by the Deputy Clerk; however, no return of service was received and no address is visible on the returned envelope. *CR 16-18.* A second Citation by Mailing was sent to the Secretary of State, but no return of service form was completed. *CR 19-20, 34.*

On March 30, 2017, an additional citation was issued by the Deputy Clerk. *CR 28-31.* Again, no return of service form was filled out, but an affidavit was provided by the service processor, stating that he mailed the citation and original petition to an incorrect address for Comal & Co., LLC's registered agent, Rory Closson. *CR 31-32* (stating documents were delivered to **197** Acacia Parkway but not **1597** Acacia Parkway).

On May 1, 2017, another Citation by Mailing was signed by the Deputy Clerk and presumably sent to the Secretary of State. *CR 35-36.* Over one month later, on June 15, 2017, the Secretary of State provided a certificate of service, stating that service by certified mail on the registered agent had been returned as unclaimed. *CR 37-38.*

After attempting, but failing, to serve Appellant, Mays filed a Motion for Substituted Service. *CR 39-47.* However, Mays failed to support her motion with an affidavit stating the location of Appellant's usual place of business or usual place of abode or other place where Appellant could probably be found and stating specifically the facts showing that service had been attempted under Texas Rule of Civil Procedure 106(a)(1) or (2) at the location named in such affidavit but had not been successful. *CR 39-47.*

Attached to the Motion for Substituted Service was the Secretary of State's certification that a copy of the Citation and Plaintiff's Original Petition had been received on May 10, 2017, and had been forwarded to the address provided for Appellant, but the documents were returned to the Secretary of State's office bearing the notation "Return to Sender, Unclaimed, Unable to Forward." *CR 47.* Also attached to the Motion for Substituted Service, in place of the Return of Service form from the County Court at Law #1, was the affidavit from the service processer that lists an incorrect address for Comal & Co., LLC's registered agent, Rory Closson. *CR 44.*

On June 23, 2017, the trial court granted May's Motion for Substituted Service by issuing an order stating that service was

2

sufficient by the service of citation made May 10, 2017, on the Secretary of State. *CR 48*. The trial court ordered that Appellant's written answer was due on or before the Monday following twenty days after the date of service, which would have been prior to the signing of the order on June 5, 2017.[1] *Id.*

On July 11, 2017, Mays filed a motion for default judgment, and default judgment was entered against Appellant on August 9, 2017. *CR 69-70*. On August 11, 2017 the trial court issued notice of the default judgment entered against Appellant. *CR 71*.

Appellant filed a timely notice of restricted appeal within six months after the default judgment was signed. *CR 82-85*; *see* TEX. R. CIV. P. 26.1(c), 30.

---

[1] Arguably, ordering a written answer to be due in an Order prior to any possible notice of that Order is an error apparent on the face of the record.

## SUMMARY OF THE ARGUMENT

Appellee, Michelle Mays, failed to comply with the requirements of Rule 106 when requesting substituted service.  The trial court then permitted a method of service not authorized by law.  This error is apparent on the face of the record.  Accordingly, the default judgment was erroneously granted and must be reversed.

## ARGUMENT

### A.    Standard of Review

In a restricted appeal, this court's review is limited to errors apparent on the face of the record.  *Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam).  The face of the record consists of all the papers on file in the appeal, including the reporter's record.  *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

There are no presumptions in favor of valid issuance, service, and return of citation, because presumptions can neither be confirmed nor rebutted by evidence in an appellate court.  *Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573.  It is the responsibility of the party requesting service to ensure both that service is properly accomplished and that service is properly reflected in the record.  *Primate Const., Inc. v. Silver*, 884

S.W.2d 151, 153 (Tex. 1994) (per curiam); *accord TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 321 (Tex. App.—Austin 2002, no pet.).

## B.     Appellant's Burden of Proof in a Restricted Appeal

To sustain a proper restricted appeal, the filing party must prove: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). "For over half a century, we have required courts to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal." *Id.*

## C.     The Burden of Proof is Met

First, Appellant properly filed notice of the restricted appeal within six months after the judgment was signed. *See CR 69-70; 84-85*.

Second, Appellant was a party to the underlying lawsuit. *CR 8-14*; *see CR 69-70*.

Third, Appellant did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-

5

judgment motions or requests for findings of fact and conclusions of law. *See CR 2-3*; *1 RR 2*.

Fourth, there are two errors apparent on the face of the record. Specifically, Appellant was never served and substitute service was improper because there was no applicable affidavit as required under Texas Rule of Civil Procedure 106. *CR 39-47*. Further, the trial court failed to comply with Rule 106, by ordering that incomplete service through the Secretary of State constituted sufficient service. *CR 48*.

## D. There Was No Compliant Affidavit.

"It is a basic tenet of jurisprudence that the law abhors a default because equity is rarely served by a default." *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 857–58 (Tex. App.—San Antonio 2002, pet. denied). A default judgment cannot withstand a direct attack by a defendant complaining that he was not served in strict compliance with the applicable requirements. *Id.* Texas Rule of Civil Procedure 106 permits a court to authorize substitute service only when specific requirements are met:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) **Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service**

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106 (emphasis added).

"[S]ubstitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In *Wilson*, the Supreme Court of Texas found that a party was not served in strict compliance with Rule 106(b), because substitute service was not properly authorized absent an affidavit explicitly required by the rule. *Wilson*, 800 S.W.2d at 836.

7

That is exactly the situation presented in this case. Mays' Motion for Substitute Service was granted absent an affidavit as required by Rule 106. Under that rule, May was required to file an affidavit state the location of Appellant's usual place of business or usual place of abode or other place where it could be found and stating specifically the facts showing that service had been attempted under Rule 106(a) at the location named in the affidavit but had not been successful. *See id.*; TEX. R. CIV. P. 106(b); *CR 39-47*.

Mays wholly failed to file the required affidavit. An affidavit executed by the process server did not receite that the address to which he purportedly mailed the process was Appellant's usual place of abode or other place where the Appellant could be found. *CR 31-32*. In any event, the address recited in the affidavit is incorrect. *Id.* (citing delivery to **197** Acacia Parkway rather than to **1597** Acacia Parkway).

Because "[a] trial court has no jurisdiction to render default judgment when the rules governing service of process have not been strictly complied with," this Court must reverse the trial court's default judgment and remand the cause to the trial court. *Torres v. Haynes*, 432 S.W.3d 370, 371 (Tex. App.—San Antonio 2014, no pet.).

8

**E.    The Trial Court Granted Unlawful Relief.**

The trial court exceeded its jurisdiction.  Under Texas Rule of Civil Procedure 106, only once a properly supported motion for substitute service is presented can a court authorize service by either (1) leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or; (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.  TEX. R. CIV. P. 106(b).

However, the trial court incorrectly concluded that service on the Secretary of State sufficed, even when there was clear evidence attached to the Motion for Substitute Service that no reasonable diligence had been undertaken to find the registered agent at the registered office and that the Secretary of State had also been unable to effectuate service on the Appellant.  *CR 48.*

Although Mays asserted in her Motion for Substituted Service that Texas Business Organizations Code §§ 5.251-2 supported her position that service on the Secretary of State sufficed, under the facts of this case, these provisions do not support Mays' request for substituted service.  *See CR 39-40.*  The Secretary of State is an agent of

9

an entity for service of process only if the entity either fails to appoint or maintain a registered agent in Texas or the registered agent cannot with reasonable diligence be found at the registered office of the entity. TEX. BUS. ORGS. CODE § 5.251. There is no dispute that Comal & Co., LLC, has maintained a registered agent in Texas at all pertinent times. *CR 8* (Plaintiff's Original Petition in which Comal & Co, LLC's registered agent is listed).

It is also apparent from the record that no reasonable diligence was undertaken to find the registered agent at the registered office. The sole affidavit of service attached to Mays' Motion for Substituted Service states that the service was attempted on the registered agent, Rory Closson, at "**197** Acacia Parkway, Spring Branch, TX 78070." *CR 44* (emphasis added). However, the address for the registered agent was "**1597** Acacia Parkway, Spring Branch, TX 78070." *CR 8* (emphasis added). Furthermore, this affidavit does not state, as required by Texas Rule of Civil Procedure 107, the diligence used to execute service and the cause of failure to execute service and where the defendant was to be found, if ascertainable. *See CR 44*. Thus the sole return of service provided in the record is noncompliant with Texas Rule of Civil Procedure 107 and disproves any suggestion that reasonable diligence

10

was used to find the registered agent at the registered office. *See Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 231-33 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *David A. Carl Enterprises, Inc. v. Crow-Shutt # 14*, 553 S.W.2d 118, 120-21 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ); *CR 44.*

Mays' assertion in her Motion for Substituted Service that there were "two separate attempts at personal service," in addition to two separate delivery attempts via certified mail, is also not supported by the record. *CR 39; see CR 15-20.* The Return of Service Forms are not filled out, *CR 16, 20,* and the address on the envelope purportedly returned is not visible. *CR 18.*

Thus, as a matter of law, the Secretary of State was not Appellant's agent under TEX. BUS. ORGS. CODE § 2.251; Appellant was never served; substitution of service was erroneously granted; and the default judgment violates the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 107(h), 124.

To the extent that Mays relies on *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 652 (Tex. App.—Austin 1985, no writ), this reliance is misplaced. *C.W. Bollinger* dealt with service on the Commissioner under the Insurance Code, which the court distinguished from the

11

Texas Business Corporations Act that was then in effect. 699 S.W.2d at 651-652. The Insurance Code is not involved in this matter, nor is the Texas Business Corporations Act applicable.

Appellant also notes that no proof of service was ordered, such that a default judgment was further inadequate under Texas Rule of Civil Procedure 107(f). *See* Tex. R. Civ. P. 107(h).

Because Appellant was never served, the trial court granted a default judgment in violation of Texas Rule of Civil Procedure 124, which prohibits the rendering of a judgment against any defendant that is not served unless expressly provided by law, as well as in violation Texas Rule of Civil Procedure 107(h). Thus, this Court should reverse the trial court's default judgment and remand this matter to the trial court.

## PRAYER

WHEREFORE the Appellant, Comal & Co., LLC, respectfully requests that this Court reverse the trial court's default judgment, remand this cause for further proceedings, and grant all further relief Appellant is entitled to in law and equity.

Respectfully submitted,

*/s/ Catherine M. Stone*
CATHERINE M. STONE
State Bar No. 19286000
Email: cstone@langleybanack.com
PAULA C. BOSTON
State Bar No. 24089661
Email: pboston@langleybanack.com
LANGLEY & BANACK, INC.
745 E. Mulberry, Ste. 700
San Antonio, Texas 78212
(210) 736-6600 Telephone
(210) 735-6889 Facsimile

***ATTORNEYS FOR APPELLANT***
***COMAL & CO., LLC***

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellants certify that the number of words in Appellant's Brief, including its headings, footnotes, and quotations, is: **2457**.

*/s/ Paula C. Boston*
PAULA C. BOSTON

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been served upon the following counsel of record pursuant to the Texas Rules of Appellate Procedure on January 5, 2018.

*/s/ Paula C. Boston*
PAULA C. BOSTON

# APPENDIX

A.   Default Judgment

B.   Texas Rule of Civil Procedure 106

C.   Texas Rule of Civil Procedure 107

D.   Texas Rule of Civil Procedure 124

E.   Texas Business Organizations Code § 5.251

F.   Texas Business Organizations Code § 5.252

## NO. 2017CVA0011

| | | |
|---|---|---|
| **MICHELLE MAYS**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE COUNTY COURT AT LAW** |
| **V.** | §<br>§ | **NO.** _____ |
| **COMAL & CO. LLC**<br>**Defendant.** | §<br>§<br>§ | **COMAL COUNTY, TEXAS** |

### DEFAULT JUDGMENT

The hearing on this cause was held on _____ .

Plaintiff, Michelle Mays, appeared and Defendant, Comal & Co. LLC, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law.

1.     On the claim of Deceptive Trade Practices, common law fraud, breach of contract, and residential construction liability, the court finds in favor of Plaintiff, Michelle Mays, and against Defendant, Comal & Co. LLC, in the amount of $17,490.42 (Seventeen Thousand Four Hundred Ninety and 42/100 Dollars), an amount in treble damages as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code.

5.     Plaintiff, Michelle Mays, is entitled to prejudgment interest on the damages awarded herein, measured from January 15th, 2017, at the rate of 5.0% per annum, in the sum of $445.64 (Four Hundred Forty Five and 64/100 Dollars).

6.     Plaintiff, Michelle Mays, is entitled to postjudgment interest on the total amount of the judgment and any prejudgment interest awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.

7     Plaintiff, Michelle Mays, is entitled to the sum of $4,777.50 (Four Thousand Seven Hundred Seventy-Seven and 50/100 Dollars), as attorney's fees, to bear interest at the rate of 5% per annum from the date this judgment is signed until paid.

8.     Costs are hereby taxed against Defendant.

9.     All other relief not expressly granted in this judgment is denied.

**IT IS ORDERED** that Plaintiff, Michelle Mays, is entitled to enforce this judgment through abstract, execution and any other process necessary.

**SIGNED** on 8-9-, 2017.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

/signed/_____
James R Heinbaugh
Attorney for Plaintiff Michelle Mays
Email: jimmy@nbtxlaw.com
297 W. San Antonio St.
New Braunfels, TX 78130
Tel. (830) 214-6053
Fax. (830) 202-8056

# APPENDIX B

Vernon's Texas Rules Annotated

   Texas Rules of Civil Procedure

      Part II. Rules of Practice in District and County Courts

         Section 5. Citation (Refs & Annos)

TX Rules of Civil Procedure, Rule 106

Rule 106. Method of Service

Currentness

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

**Credits**

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Aug. 18, 1947, eff. Dec. 31, 1947; July 22, 1975, eff. Jan. 1, 1976; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990.

**Editors' Notes**

**COMMENT--1988**

   Conforms to amendment to Rule 103.

Notes of Decisions (360)

Vernon's Ann. Texas Rules Civ. Proc., Rule 106, TX R RCP Rule 106
Current with amendments received through December 1, 2017

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX C

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 5. Citation (Refs & Annos)

TX Rules of Civil Procedure, Rule 107

Rule 107. Return of Service

Currentness

(a) The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation.

(b) The return, together with any document to which it is attached, must include the following information:

(1) the cause number and case name;

(2) the court in which the case is filed;

(3) a description of what was served;

(4) the date and time the process was received for service;

(5) the person or entity served;

(6) the address served;

(7) the date of service or attempted service;

(8) the manner of delivery of service or attempted service;

(9) the name of the person who served or attempted to serve the process;

(10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and

(11) any other information required by rule or law.

(c) When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

(d) When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if ascertainable.

(e) The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____ (First) _____ (Middle) _____ (Last), my date of birth is _____, and my address is _____ (Street), _____ (City), _____ (State), _____ (Zip Code), and _____ (Country). I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the ___ day of _____ (Month), ___ (Year).

.......................................................................................................................................................................

Declarant"

(f) Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.

(g) The return and any document to which it is attached must be filed with the court and may be filed electronically or by facsimile, if those methods of filing are available.

(h) No default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990; Dec. 12, 2011, eff. Jan. 1, 2012.

**Editors' Notes**

**COMMENT--1988**
    Amendments are made to conform to changes in Rule 103.

**COMMENT--1990**

To state more directly that a default judgment can be obtained when the defendant has been served with process in a foreign country pursuant to the provisions of Rules 108 or 108a.

Notes of Decisions (265)

Vernon's Ann. Texas Rules Civ. Proc., Rule 107, TX R RCP Rule 107
Current with amendments received through December 1, 2017

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX D

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 5. Citation (Refs & Annos)

TX Rules of Civil Procedure, Rule 124

Rule 124. No Judgment Without Service

Currentness

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.

When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21(a).

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of Dec. 5, 1983, eff. April 1, 1984.

Notes of Decisions (89)

Vernon's Ann. Texas Rules Civ. Proc., Rule 124, TX R RCP Rule 124
Current with amendments received through December 1, 2017

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX E

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 1. General Provisions (Refs & Annos)
      Chapter 5. Names of Entities; Registered Agents and Registered Offices
        Subchapter F. Service of Process on Entity

V.T.C.A., Business Organizations Code § 5.251

§ 5.251. Failure to Designate Registered Agent

Effective: January 1, 2006
Currentness

The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if:

(1) the entity is a filing entity or a foreign filing entity and:

(A) the entity fails to appoint or does not maintain a registered agent in this state; or

(B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity; or

(2) the entity is a foreign filing entity and:

(A) the entity's registration to do business under this code is revoked; or

(B) the entity transacts business in this state without being registered as required by Chapter 9.

**Credits**

Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

Notes of Decisions (5)

V. T. C. A., Business Organizations Code § 5.251, TX BUS ORG § 5.251
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX F

Vernon's Texas Statutes and Codes Annotated
   Business Organizations Code (Refs & Annos)
      Title 1. General Provisions (Refs & Annos)
         Chapter 5. Names of Entities; Registered Agents and Registered Offices
            Subchapter F. Service of Process on Entity

V.T.C.A., Business Organizations Code § 5.252

§ 5.252. Service on Secretary of State

Effective: January 1, 2006
Currentness

(a) Service on the secretary of state under Section 5.251 is effected by:

   (1) delivering to the secretary duplicate copies of the process, notice, or demand; and

   (2) accompanying the copies with any fee required by law, including this code or the Government Code, for:

      (A) maintenance by the secretary of a record of the service; and

      (B) forwarding by the secretary of the process, notice, or demand.

(b) Notice on the secretary of state under Subsection (a) is returnable in not less than 30 days.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

Notes of Decisions (4)

V. T. C. A., Business Organizations Code § 5.252, TX BUS ORG § 5.252
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

---

**End of Document**
© 2018 Thomson Reuters. No claim to original U.S. Government Works.